■ SHINGARA SINGH, Appellant, v DAVID BARRETT, Respondent and Third-Party Plaintiff-Respondent. JIMCO RESTORATION CORPORATION, Third-Party Defendant-Respondent. [596 NYS2d 45] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about July 10, 1992, which, *inter alia,* denied the plaintiff's motion for summary judgment pursuant to CPLR 3212, unanimously reversed, insofar as appealed from, on the law, and plaintiff's motion for summary judgment on liability is granted, without costs.

Plaintiff, an employee of third-party defendant Jimco Restoration Corporation, was injured on August 8, 1990, while performing restoration work at 102 Charles Street in Manhattan. The restoration work being carried out at the premises included the removal of the second floor. Apparently, the beams supporting the floor, known as joists, were rotted. The plaintiff and a co-worker were using crowbars to remove planks from the joists prior to removing the joists themselves. The two men fell to the floor below and were injured when a joist supporting the plank, on which the two men were standing, gave way. Neither the plaintiff nor his co-worker were using any sort of safety equipment at the time of the accident.

Plaintiff's motion for summary judgment was supported mainly by his affidavit in which the above facts were set out. The defendant owner of the premises opposed plaintiff's motion mainly on the ground that the accident resulted from the plaintiff's refusal to use safety devices. The only support for this contention comes from an unsworn accident report by plaintiff's supervisor dated October 10, 1990 some two months after the accident occurred. The report states as follows: "On augest 8 *[sic]* our two employies *[sic]* SHINGARA SINGH AND KERNAIL SINGH were working on 2nd floor Removing old wood floor but night before this accident which was 7th Augest *[sic]* Arif Hussain who is acting as job Superviser *[sic]* is also vice president of corporation instructed both Shingara singh *[sic]* and Kernail singh *[sic]* to ony *[sic]* walk while working in that area on cross planks which were installed over there for safety reasons because the beams under that area were not safe and strong to walk *[sic],* so next morning when they started to work around 8:30 AM they just ignored his warning and started working without safety plank while Arif Hussain went to MEterial *[sic]* store to pick [up] some tools, in the meantime two old wood beams broke under the floor and Shingara and Kernail fell down on first floor."

The defendant owner also cross-moved for summary judgment against third-party defendant Jimco Restoration Corporation, contending that, in the event there was a Labor Law violation, he was entitled to indemnity from the third-party defendant. In reply plaintiff submitted the affirmation of counsel along with, *inter alia,* excerpts from his own examination before trial. In the order appealed the IAS Court denied the plaintiff's motion for summary judgment finding an issue of fact as to "whether plaintiff was in effect instructed not to proceed until safety equipment had been provided, but chose to ignore that admonition". The court also denied the defendant and third-party plaintiff's cross-motion for summary judgment against the third-party defendant as premature. Neither the defendant nor the third-party defendant raise any issue regarding the denial of the cross-motion on this appeal.

It is well settled that Labor Law § 240 (1) imposes absolute liability upon an owner or contractor for failing to provide or erect safety devices necessary to give proper protection to a worker who sustains injuries proximately caused by that failure *(Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 513; *Bland v Manocherian,* 66 NY2d 452, 459; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513). "Negligence, if any, of the injured worker is of no consequence" *(Rocovich v Consolidated Edison Co., supra,* at 513).

There have been cases in which summary judgment on liability was denied based upon the doctrine that Labor Law § 240 (1) does not impose a duty on an owner, as a matter of law, to compel a worker who refuses to use available satisfactory equipment to do so *(Smith v Hooker Chems. & Plastics Corp.,* 89 AD2d 361, *appeal dismissed* 58 NY2d 824; *see also, Cannata v One Estate,* 127 AD2d 811). However, it has been stated that the holdings in those cases are narrow, and have no application to cases in which those charged with the responsibility for supplying safety devices deny the obligation or feasibility of doing so and rely alternatively upon evidence that there was safety equipment available for use somewhere in the area of the construction site *(Zimmer v Chemung County Performing Arts, supra,* at 526 [Simons, J., concurring]). Moreover, the application of the doctrine regarding the refusal by a worker to use available safety equipment enunciated in *Smith v Hooker Chems. & Plastics Corp. (supra),* a Fourth Department case, was limited by the later Fourth Department case of *Heath v Soloff Constr.* (107 AD2d 507, 510-511), where the Court stated:

"The pivotal factual predicate for the *Smith* decision was

the proof that safety devices had been 'constructed, placed and operated' for the work to be performed as required by the statute (Labor Law § 240 [1]). As the court said in *Smith,* the issue presented extended beyond any 'failure' of an owner or contractor 'to supply safety devices and *see to their proper placement and operation'* (p 365; emphasis supplied). It was in that light that the court declined to impose upon the owner a continuing duty of supervision to 'insist that a recalcitrant worker use the devices' (p 365). The case did not, and obviously could not, negate that part of the statute which imposes the duty upon contractors, owners and agents to ensure that safety devices 'be so constructed, placed and operated as to give proper protection to a person so employed.' In that regard, it is significant that the decision in *Smith,* did not reject the holding in *Cardile v D'Ambrosia* (72 AD2d 544) that the owner and contractor are charged with a duty under the statute to ensure proper placement of a ladder and having failed to do so, they were absolutely liable for plaintiff's injuries. Indeed, we have recently cited *Cardile* as authority for that principle *(see, Larson v Herald,* 96 AD2d 1137).

"Nor should *Smith (supra)* be read to impose the burden upon the worker to guarantee his own safety by requiring that he construct, place or operate the equipment in a proper manner."

Accordingly, the decisions in *Smith (supra)* and *Cannata (supra)* are distinguishable and have no application to the facts of this case. Plaintiff's proof established, for the purposes of the summary judgment motion on liability, that there were no safety devices properly "constructed, placed and operated" for the work he was to perform. At best defendant's opposition, which consisted chiefly of the accident report made out by plaintiff's supervisor, alleges that there were "safety plank[s]" available at the work site. In fact defendant's proof supports the plaintiff's contention that the defendant and the third-party defendant failed to fulfill their respective duties to properly install suitable safety equipment in the first instance, at the accident site.

Additionally, we specifically reject the third-party defendant's argument that Labor Law § 240 (1) is not applicable to the work performed by the plaintiff. The statute requires safety devices where the "demolition", "repairing" or "altering", etc., of a "building or structure", is involved. The nature of the work in this case, removal of a floor in a building during renovation, created a hazard clearly within the purpose of the statute, i.e., "the protection against risks due in

some way to relative differences in elevation" *(Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 515, *supra).* Concur— Sullivan, J. P., Ellerin, Wallach, Ross and Rubin, JJ.