OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, judgment for plaintiffs vacated, defendant third-party plaintiff Hagedorn’s third-party complaint reinstated and case remitted to Supreme Court for a new trial.
 

 Plaintiff, an employee of third-party defendant Alpha TeleConnect, Inc., was injured when he fell from a ladder while working at premises leased by defendant Hagedorn & Company. At the time of his accident, plaintiff was running computer and telephone cable through the ceiling from an existing computer room in Hagedorn’s office to newly leased space that would be used as a telecommunications center. This involved standing on a ladder to access a series of holes punched in the ceiling and pulling the wiring through “canals” that had been made in chicken wire in the ceiling.
 

 We agree with both Supreme Court and the Appellate Division that plaintiff was engaged in “altering” a building or
 
 *960
 
 structure within the meaning of Labor Law § 240 (1). Here, at the time of his injury, plaintiffs work involved “making a
 
 significant
 
 physical change to the configuration or composition of the building or structure,” not a simple, routine activity
 
 (Joblon v Solow,
 
 91 NY2d 457, 465 [decided today] [emphasis in original]). Supreme Court erred, however, in directing a verdict in favor of plaintiff, at the close of his own case, on the issue of proximate cause. In the circumstances presented, a reasonable jury could have concluded that plaintiffs actions were the sole proximate cause of his injuries, and consequently that liability under Labor Law § 240 (1) did not attach
 
 (see, Zimmer v Chemung County Performing Arts,
 
 65 NY2d 513, 524).
 

 Supreme Court, moreover, erred in directing a verdict for third-party defendant Alpha on Hagedorn’s claim for common-law indemnification. On this record, there are questions of fact as to whether Alpha properly supervised and controlled the work of the injured plaintiff
 
 (see, Felker v Corning Inc.,
 
 90 NY2d 219, 226). Supreme Court’s reason for ruling against Hagedom as a matter of law — that it had disposed of the ladder involved in plaintiffs accident — is irrelevant to those questions.
 

 The parties’ remaining arguments are either unpreserved or without merit.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine and Wesley concur in memorandum; Judges Titone and Ciparick taking no part.
 

 Order reversed, etc.