■ PATRICK VANRIEL, Appellant-Respondent, v A. WEISSMAN REAL ESTATE et al., Respondents-Appellants, et al., Defendants. MRT CONSTRUCTION, Third-Party Plaintiff-Appellant, v VETAGIN G. SMART, Doing Business as MODERN WOOD WORKING, et al., Third-Party Defendants-Respondents. [691 NYS2d 446] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered November 20, 1998, which denied the parties' respective motions for partial summary judgment on the issues of liability under Labor Law § 240 and indemnification, unanimously modified, on the law, to grant plaintiff summary judgment on the issue of liability under Labor Law § 240 (1), and otherwise affirmed, without costs.

Plaintiff is entitled to summary judgment on his Labor Law § 240 (1) claim, there being no dispute that the scaffold on which he was working did not prevent him from falling—"the core objective of Labor Law § 240 (1)—preventing [a worker] from falling" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501)—and that his injuries were caused by the fall (see, Gordon v Eastern Ry. Supply, 82 NY2d 555, 561-562). It does not avail defendants to argue that plaintiff fell because of his own negligence in failing to activate a locking device for the scaffold's wheels (supra). The motions for conditional indemnification were properly denied inasmuch as there are outstanding issues of fact. Concur—Sullivan, J. P., Nardelli, Lerner, Rubin and Saxe, JJ.