■ JEAN MORIN, Plaintiff, v HAMLET GOLF DEVELOPMENT CORP., Defendant and Third-Party Plaintiff-Appellant. FIERRO CARPENTRY, INC., Third-Party Defendant-Respondent. [704 NYS2d 286] —In an action to recover damages for personal injuries in which a third-party action was commenced by the defendant Hamlet Golf Development Corp. for common-law indemnification against Fierro Carpentry, Inc., the appeal is from a judgment of the Supreme Court, Suffolk County (Kitson, J.), entered June 10, 1999, which, upon granting the motion of the third-party defendant made at the close of evidence for judgment as a matter of law, and upon denying the cross motion of the defendant third-party plaintiff for the same relief, is in favor of the third-party defendant and against the defendant third-party plaintiff dismissing the third-party complaint.

Ordered that the judgment is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate judgment in favor of the defendant third-party plaintiff awarding it common-law indemnification from the third-party defendant.

It is well settled that a general contractor who has been held vicariously liable under Labor Law § 240 (1) is entitled to full common-law indemnification from the party actually at fault so long as the general contractor can show that it did not direct, control, or supervise the work being performed (see, Kelly v Diesel Constr. Div., 35 NY2d 1, 6-7; Dawson v Pavarini Constr. Co., 228 AD2d 466, 468).

Here, the trial evidence unequivocally established that the defendant third-party plaintiff, who was the general contractor, did not supervise, direct, or control the plaintiff's work. Rather, the third-party defendant, which employed the plaintiff, was the party that actually supervised, directed, and controlled the plaintiff's work. It is equally clear that the third-party defendant failed to provide adequate safety equipment although required to do so by the statute and that the plaintiff fell from a height. Under these circumstances, the defendant third-party plaintiff is entitled to full common-law indemnification from the third-party defendant (see, Rodriguez v Metropolitan Life Ins. Co., 234 AD2d 156; see also, Felker v Corning Inc., 90 NY2d 219). Joy, J. P., S. Miller, Friedmann and Florio, JJ., concur.