■ MARK RACZKA, Respondent, v NICHTER UTILITY CONSTRUCTION COMPANY, INC., Defendant and Third-Party Plaintiff. A.J.L. ELECTRIC CO., INC., Third-Party Defendant-Appellant. [707 NYS2d 735] —Order unanimously affirmed with costs. Memorandum: Plaintiff was injured when the hydraulic platform lift on which he was standing while installing a traffic signal at a height of approximately 27 feet collapsed and plummeted a distance of approximately 17 feet before coming to an abrupt stop. The lift, operated by a co-worker, had malfunctioned on prior occasions. Plaintiff commenced this action against the general contractor, defendant, Nichter Utility Construction Company, Inc. (Nichter), alleging, *inter alia*, a violation of Labor Law § 240 (1), and Nichter commenced a third-party action seeking indemnification from plaintiff's employer, third-party defendant, A.J.L. Electric Co., Inc. (AJL).

Supreme Court properly granted plaintiff's motion for partial summary judgment on liability with respect to the Labor Law § 240 (1) claim. Plaintiff met his initial burden by establishing that his injury was proximately caused by the failure of a safety device to afford him proper protection from an elevation-related risk (*see, Salzler v New York Tel. Co.*, 192 AD2d 1104, 1104-1105; *Drew v Correct Mfg. Corp.*, 149 AD2d 893; *see generally, Gordon v Eastern Ry. Supply*, 82 NY2d 555, 561; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514), and neither Nichter nor AJL raised an issue of fact. Contrary to the contention of AJL, plaintiff is not required to prove the reason for the malfunction of the lift in order to establish a prima facie case (*see, Van Guilder v Sands Hecht Constr. Corp.*, 199 AD2d 164; *Drew v Correct Mfg. Corp., supra*, at 894-895). The further contention of AJL that there is an issue of fact whether plaintiff's negligent instruction or supervision of the co-worker who operated the lift was the sole proximate cause of plaintiff's injuries (*see, Weininger v Hagedorn & Co.*, 91 NY2d 958, 960, *rearg denied* 92 NY2d 875) is based solely on speculation, and is therefore insufficient to defeat the motion (*see, Saldana v*

*Saratoga Realty Assocs. Ltd. Partnership*, 235 AD2d 744, 745). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Kehoe and Balio, JJ.