■ LARRY L. MUSSELMAN et al., Appellants, v CHARLES A. GAETANO CONSTRUCTION CORPORATION et al., Respondents. (And Two Third-Party Actions.) [716 NYS2d 466] —Rose, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered February 24, 2000 in Albany County, which, *inter alia*, denied plaintiffs' motion for partial summary judgment on the issue of liability.

This case arises out of injuries sustained by plaintiff Larry L. Musselman while he was exiting from a swing scaffold used in performing waterproofing work for his employer, third-party defendant Lupini Construction, Inc. (hereinafter Lupini) at a school building undergoing renovation. The construction manager on the site was defendant Barry, Bette & Led Duke, Inc. (hereinafter BBL). Defendant Charles A. Gaetano Construction Corporation (hereinafter Gaetano) was the contractor on the project which had subcontracted with Lupini for the waterproofing portion of the renovation work.

Musselman and a co-worker were unable to lower the suspended scaffolding on which they had been working to the ground because there was a pickup truck parked in the space below. Perceiving no alternate means of egress, Musselman aligned the scaffold with an open window of the building. After securing the scaffold against the building, he stepped onto the sill of the window and then attempted to climb over a two-by-four board that had been placed across the inside of the window at a height of 12 to 14 inches above the sill. When the board came loose, he fell approximately three feet from the sill to the floor inside the building.

Plaintiffs commenced this action against BBL and Gaetano alleging, *inter alia*, a violation of Labor Law § 240 (1), and moved for partial summary judgment on the issue of liability against defendants. Supreme Court granted BBL's cross motion for summary judgment dismissing the complaint as to it, ruling that BBL had no contractual duty, obligation or authority to control the contractors on the project and, therefore, was not a responsible entity under Labor Law § 240 (1). Supreme Court then denied plaintiffs' motion as to Gaetano, finding issues of fact as to whether the safety devices provided to plaintiff properly satisfied the requirements of Labor Law § 240 (1) and whether any such failure was the proximate cause of plaintiff's fall. Plaintiffs now appeal, limiting their brief to the

issue of whether the scaffold provided proper protection within the meaning of Labor Law § 240 (1).*

It is well settled that Labor Law § 240 (1) "imposes absolute liability upon an owner or contractor for failing to provide or erect safety devices necessary to give proper protection to a worker who sustains injuries proximately caused by that failure" (*Bland v Manocherian*, 66 NY2d 452, 459), and that the statute is to be construed liberally to fulfil its purpose (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 499). Because it affords recovery for elevation-related injuries caused by the inadequacy of the safety device, the injuries must flow from a deficiency in the device that is related to " 'the hazard which brought about its need in the first instance' " (*id.*, at 501, quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 180 AD2d 385, 394 [Mercure, J., dissenting in part], *mod* 81 NY2d 494; *see, Amo v Little Rapids Corp.*, 268 AD2d 712, 714). "[T]he question of whether that device provided proper protection within the meaning of Labor Law § 240 (1) is ordinarily a question of fact, except in those instances where the unrefuted evidence establishes that the device collapsed, slipped or otherwise failed to perform its [intended] function of supporting the worker and his or her materials" (*Briggs v Halterman*, 267 AD2d 753, 754-755; *see, Beesimer v Albany Ave./Rte. 9 Realty*, 216 AD2d 853, 854). Moreover, although contributory negligence is not a defense to a valid Labor Law § 240 (1) claim (*see, Stolt v General Foods Corp.*, 81 NY2d 918, 920), liability will not attach if the worker's actions were the sole proximate cause of his or her injuries (*see, Weininger v Hagedorn & Co.*, 91 NY2d 958, 959). Thus, summary judgment is also properly denied where there are questions of fact as to whether any such failure proximately caused the worker's injury (*see, Gowett v Town of Plattsburgh*, 133 AD2d 1007, 1008).

Here, it is undisputed that Musselman was provided with and had been working upon a scaffold, one of the safety devices enumerated in Labor Law § 240 (1). However, it is also undisputed that the scaffold did not slip, collapse or otherwise fail to support him. Instead, its deficiency is alleged to be its failure to provide a means of safely returning to ground level. Thus, there are questions of fact as to whether the placement

---

* Supreme Court recently granted a subsequent order dismissing the complaint against Gaetano on the ground that it did not direct, supervise or control plaintiff's work as a matter of law. As plaintiffs may have a continuing interest in appealing the order presently before us, depending upon the outcome of any appeal of the subsequent order, we do not consider the issue presented here to be moot.

of the scaffold and the maintenance of the area beneath it required Musselman to exit by a means that exposed him to an elevation hazard which did, in fact, cause his fall and resulting injuries. Because his account also indicates that he had removed himself from the scaffold and was on the adjacent window sill only three feet above the floor at the time of his fall, there is also the issue of whether he was faced with "the usual and ordinary dangers of a construction site, and not the extraordinary elevation risks envisioned by Labor Law § 240 (1)" (*Rodriguez v Tietz Ctr. for Nursing Care*, 84 NY2d 841, 843; *see, Bond v York Hunter Constr.*, 95 NY2d 883; *Farmer v City of Niagara Falls*, 249 AD2d 922). The mere fact that he fell from essentially the same level as the scaffold to a lower level is insufficient to establish that the scaffold did not provide appropriate protection as a matter of law (*see, Briggs v Halterman, supra*, at 755). Accordingly, Supreme Court properly denied plaintiffs' motion.

Mercure, J. P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.