■ DANIEL J. KASH, Respondent, v McCANN REAL EQUITIES DEVELOPMENTS, L. L. C. et al., Appellants, and C. RAIMONDO & SONS CONSTRUCTION CO. INC., Defendant and Third-Party Plaintiff-Respondent. AVON CONTRACTORS, Third-Party Defendant-Appellant. (And Another Action.) [720 NYS2d 70] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered May 8, 2000, which, in an action for personal injuries by a laborer against the owner, general contractor and construction manager of a building under construction, granted plaintiff's motion for partial summary judgment on the issue of defendants' liability under Labor Law § 240 (1), denied the owner's and general contractor's motion for summary judgment dismissing plaintiff's causes of action under Labor Law §§ 200 and 241 (6) and for common-law negligence, and denied the motion of third-party defendant, plaintiff's employer, for summary judgment dismissing the construction manager's third-party complaint against it, unanimously affirmed, without costs.

Plaintiff was performing work that involved an elevation-related risk within the contemplation of Labor Law § 240 (1) when, in the course of installing fire walls in a building under construction, he fell approximately 14 feet to the ground when a mobile scissors lift on which he was working toppled over after being driven by his co-worker over a refrigeration hole that had been left uncovered in the concrete floor. Since the scissors lift did not prevent plaintiff from falling, defendants are liable under section 240 (1) (*see, Gordon v Eastern Ry. Supply*, 82 NY2d 555, 561), unless the actions of plaintiff or his co-worker were the sole proximate cause of the accident (*see, Weininger v Hagedorn & Co.*, 91 NY2d 958; *Angeles v Goldhirsch*, 268 AD2d 217). No issues of fact are raised in the latter regard. Similar considerations warranted denial of defendants' motions to dismiss plaintiff's claims under sections 200 and 241 (6), it being unclear who was responsible for making sure that the many holes in the floor did not present a hazard. Finally, at this juncture, the record does not permit a finding regarding the applicability of Workers' Compensation Law § 11. Concur—Williams, J. P., Mazzarelli, Lerner, Rubin and Buckley, JJ.