■ DANIEL ALLEN, Respondent, v VILLAGE OF FARMINGDALE, Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. G & M PAINTING ENTERPRISES, INC., et al., Third-Party Defendants-Appellants. [723 NYS2d 219] —In an action to recover damages for personal injuries, the third-party defendant G & M Painting Enterprises, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated October 28, 1999, as granted the plaintiff's cross motion for summary judgment against the defendant third-party plaintiff second third-party plaintiff Village of Farmingdale on the issue of liability under Labor Law § 240 (1), and the second third-party defendant, TIG Speciality Insurance, separately appeals, as limited by its brief, from so much of the same order as granted the motion of the defendant third-party plaintiff second third-party plaintiff Village of Farmingdale for summary judgment on its second third-party complaint for a judgment declaring that TIG Specialty Insurance had an obligation to defend and indemnify G & M Paint-

ing Enterprises, Inc., in the third-party action, and granted that branch of the separate motion of the defendant third-party plaintiff second third-party plaintiff Village of Farmingdale which was for summary judgment on its third-party complaint against G & M Painting Enterprises, Inc., for common-law and contractual indemnification in the main action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's cross motion, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiff and the second third-party defendant to the third-party defendant and the defendant third-party plaintiff second third-party plaintiff.

To prevail on a Labor Law § 240 (1) cause of action, a plaintiff must show that a violation of the statute was a proximate cause of his injuries (see, Bland v Manocherian, 66 NY2d 452; Skalko v Marshall's Inc., 229 AD2d 569). Although any purported contributory or comparative negligence of the plaintiff is not a defense in an action brought under the statute (see, Zimmer v Chemung County Performing Arts, 65 NY2d 513, 521), a Labor Law § 240 (1) cause of action will not stand where the plaintiff's own conduct was the sole proximate cause of his injuries (see, Tweedy v Roman Catholic Church of Our Lady of Victory, 232 AD2d 630).

There are numerous issues of fact in this case. The plaintiff claimed that the ladder from which he fell was unstable and shook due to a gust of wind. However, his foreman, James Watson, testified that the ladder was stable and that there was no wind. Moreover, the plaintiff admitted that he had been provided with a safety belt and lanyard, which he had used in the past. Although the plaintiff claimed that no one from the third-party defendant G & M Painting Enterprises, Inc. (hereinafter G & M), had shown him how to attach a lanyard to a belt when working on the ladder, he admitted that on at least five prior occasions he had wrapped a lanyard around a built-in ladder inside a water tank as he had done on the day of the accident. Watson stated that the plaintiff had correctly used the safety belt and lanyard on previous occasions and that he told the plaintiff to use the lanyard before going up the ladder. Watson also stated in an affidavit that there were several places where the plaintiff could have hooked his lanyard. Finally, the report by the United States Department of Labor, Occupational Safety and Health Administration on the investigation into the accident concluded that "the cause of the accident was the result of the act of the injured worker."

As to the claim that the plaintiff may not recover because he was a "recalcitrant worker," it is well settled that the recalcitrant worker defense requires a showing that the injured worker refused to make use of available safety devices provided by the owner or employer (*see, Stolt v General Foods Corp.*, 81 NY2d 918, 920; *Jastrzebski v North Shore School Dist.*, 223 AD2d 677, *affd* 88 NY2d 946).' Under the circumstances, whether the plaintiff refused to properly use the available safety equipment, and is a recalcitrant worker, is a question of fact which cannot be resolved on a motion for summary judgment (*see, Watso v Metropolitan Life Ins. Co.*, 228 AD2d 883).

However, the Supreme Court properly granted that branch of the motion of the defendant third-party plaintiff second third-party plaintiff Village of Farmingdale (hereinafter the Village) which was for summary judgment on its claim for common-law and contractual indemnification from G & M, the plaintiff's employer. The contract between G & M and the Village contained a broad indemnification clause running from G & M to the Village, and there is no evidence that the Village directed, controlled, or supervised the plaintiff's work, or was otherwise actively negligent (*see, Dawson v Pavarini Constr. Co.*, 228 AD2d 466; *Richardson v Matarese*, 206 AD2d 354; *Aragon v 233 W. 21st St.*, 201 AD2d 353). The mere fact that the Village's consulting engineers would occasionally visit the job site to check on the work does not require a contrary result (*see, Riley v Stickl Constr. Co.*, 242 AD2d 936; *Smith v Flori*, 220 AD2d 657).

Moreover, the Supreme Court properly determined that New York law rather than Michigan law should be applied to the insurance coverage dispute between the Village and the second third-party defendant, TIG Speciality Insurance (hereinafter TIG). New York has a greater policy interest in the dispute than Michigan, and a "grouping of contacts" analysis does not favor the application of Michigan law (*see, Matter of Allstate Ins. Co. [Stolarz]*, 81 NY2d 219). The Supreme Court also properly determined that TIG's disclaimer of coverage was untimely (*see, Sphere Drake Ins. Co. v Block 7206 Corp.*, 265 AD2d 78; *American Ref-Fuel Co. v Employees Ins. Co.*, 265 AD2d 49; *Matter of Firemen's Fund Ins. Co. v Hopkins*, 88 NY2d 836).

TIG's remaining contentions are without merit. S. Miller, J. P., Friedmann, H. Miller and Smith, JJ., concur.