■ KENNETH A. BROWN, Respondent, v BKV REALTY COMPANY, L. L. C., et al., Appellants. [730 NYS2d 915] —Order unanimously affirmed without costs. Memorandum: Defendants contend that Supreme Court erred in granting plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) because there is a triable issue of fact concerning the proximate cause of plaintiff's injuries. We disagree. Plaintiff submitted proof in admissible form establishing that his fall from a scaffold was the proximate cause of his injuries (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *see generally, Weininger v Hagedorn & Co.*, 91 NY2d 958, 960, *rearg denied* 92 NY2d 875). Although the affidavit of defendants' examining physician raises an issue of fact whether plaintiff's "present condition" is related to the accident, it fails to raise an issue of fact whether plaintiff sustained any causally related injury (*see, Alvarez v Prospect Hosp., supra*, at 324). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Hurlbutt, Burns and Gorski, JJ.

■ LEONARD HERSH, Appellant-Respondent, et al., Plaintiff, v EDWARD J. PRZYDATEK, Respondent-Appellant. (Action No. 1.) LEONARD HERSH, Appellant, et al., Plaintiff, v COUNTY OF HERKIMER, Respondent. (Action No. 2.) (Appeal No. 1.) [730 NYS2d 916] —Appeal and cross appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.*, 155 AD2d 435; *see also*, CPLR 5501 [a] [1]). (Appeals from Order of Supreme Court, Herkimer County, Kirk, J.—Set Aside Verdict.) Present—Pine, J. P., Hayes, Hurlbutt, Burns and Gorski, JJ.