■ GUILHERME DOS SANTOS, Appellant, v STATE OF NEW YORK, Respondent. [751 NYS2d 577] —In a claim to recover damages for personal injuries and wrongful death, the claimant appeals from an order of the Court of Claims (Ruderman, J.), dated March 11, 2002, which denied his motion for summary judgment on the issue of liability under Labor Law § 240 (1).

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The claimant's decedent was employed by a company that contracted with the State of New York to paint highway overpasses. The decedent was standing on top of an elevated lift truck to paint the underside of an overpass when the truck toppled and threw him to the pavement, causing severe head injuries that resulted in his death.

On a claim pursuant to Labor Law § 240 (1), a claimant must prove both that the statute was violated and that the violation was a proximate cause of his injuries (*see Bland v Manocherian,* 66 NY2d 452; *Lightfoot v State of New York,* 245 AD2d 488; *Skalko v Marshall's Inc.,* 229 AD2d 569). Proof of a collapse of a safety device constitutes a prima facie showing that the statute was violated and that the violation was a proximate cause of the worker's injuries, thereby establishing the claimant's entitlement to judgment as a matter of law on the issue of liability (*see Pineda v Kechek Realty Corp.,* 285 AD2d 496; *Smith v Yonkers Contr. Co.,* 238 AD2d 501; *Cosban v New York City Tr. Auth.,* 227 AD2d 160).

In the instant case, the claimant made such a prima facie showing by submitting evidence that the lift truck supporting the decedent was improperly positioned and toppled, proximately causing his death. The State failed to present contrary evidence, and its assertion that the decedent was not secured to the lift truck with the harness, lanyard, and safety cable provided to him is irrelevant. Comparative negligence is not a defense to a violation of Labor Law § 240 (1) (*see Zimmer v Chemung County Performing Arts,* 65 NY2d 513; *Smith v Yonkers Contr. Co., supra*), and it is clear that the availability of the securing equipment was not sufficient to protect the decedent from the toppling truck (*see Lightfoot v State of New York, supra; Pritchard v Murray Walter, Inc.,* 157 AD2d 1012). Krausman, J.P., McGinity, Schmidt and Mastro, JJ., concur.