Jose RODRIGUEZ, Ramon Americo
and Teresa Dejesus Ayala,
Plaintiffs,

v.

BILTORIA REALTY, LLC, Galaxy
Tri–State Electric, Inc. and
Upright, Inc., Defendants.

No. CV 02–826.

United States District Court,
E.D. New York.

March 10, 2003.

Lawrence J. Wertheimer, P.C. by Lawrence J. Wertheimer, Esq., New York City, for Plaintiffs.

Kral Clerkin Redmond Ryan Perry & Girvan by Thaddeus J. Rozanski Esq., Mineola, NY, for Defendant Biltoria Realty, LLC.

Epstein, Hill, Grammatico & Gann by Lillian M. Kennedy, Esq., Hauppauge, NY, for Defendant Galaxy Tri–State Electric, Inc.

London Fischer LLP by Anthony F. Tagliagambe, Esq., New York City, for Defendant UpRight, Inc.

*MEMORANDUM AND ORDER*

WEXLER, District Judge.

In this diversity case Plaintiffs seek damages arising from injuries sustained after an on the job accident involving Plaintiffs Jose Rodriguez and Ramon Americo. Plaintiff Teresa Ayala, the wife of Plaintiff Jose Rodriguez, sets forth a claim for loss of consortium. Named as defendants are Biltoria Realty, LLC, the owner of the premises where the accident occurred ("Biltoria"), Galaxy Tri–State Electric, Inc., the entity that occupied the Premises ("Galaxy") and UpRight, Inc., the manufacturer of the device from which Plaintiffs Rodriguez and Americo fell ("UpRight").

Plaintiffs set forth claims in common law negligence and strict products liability as well as claims pursuant to the New York State Labor Law (the "Labor Law"). Labor Law and negligence claims are asserted against Defendants Biltoria and Galaxy. Negligence and strict products liability claims are asserted against UpRight.

Presently before the court are the motions of Plaintiffs: (1) to amend the complaint; (2) for partial summary judgment, and (3) requesting a separate trial of their claims against Defendant UpRight. Also before the court is the motion of Biltoria for an order of indemnification against Galaxy.

For the reasons set forth below, the motion to amend is granted. The motions for partial summary judgment, separate trials and indemnification are denied. The matter is referred to Magistrate Judge E. Thomas Boyle for the purpose of ensuring that the parties adhere to the present pretrial schedule providing for the completion of discovery by June 30, 2003. The parties are advised that trial of this action will be scheduled to commence shortly thereafter.

## BACKGROUND

### I. Factual Background

The deposition testimony and other documents submitted in support of and in opposition to the motion reveal the following facts.

Biltoria is a limited liability corporation that owns the building where the accident giving rise to this lawsuit took place (the "Premises"). Galaxy leased the Premises from Biltoria pursuant to a lease dated January 30, 2001, for a term of five years. The Biltoria and Galaxy corporations are not strangers. The deposition of defense witness William Crocitto revealed that Crocitto is one of two members of the Biltoria corporation. He is also the sole shareholder of Galaxy and that corporation's president and only officer.

Plaintiffs Jose Rodriguez and Americo (collectively "Plaintiffs") were employees of New Creation Stucco ("New Creation"). New Creation entered into a contract with Galaxy to apply stucco and perform related work to the exterior of the Premises. Plaintiffs were assigned to work on the Premises and were using what is described in the complaint as a "vehicle mounted power operated articulated vertical lift device" (the "Device"). The purpose of such a device is to elevate workers above ground level to enable them to perform work on buildings or structures that could not otherwise be within their reach. The Device was manufactured and sold by Defendant UpRight.

Plaintiffs used the Device as a scaffold to enable them to work on the sides of the Premises. On December 22, 2001, while standing on the Device, at a height of approximately twenty-five feet, the Device began to sway and then fell to the ground. Plaintiffs allege that they were propelled from the device and fell to the ground, suffering severe injuries.

### II. The Complaint

Plaintiffs allege negligence claims against all Defendants. New York State Labor Law claims are alleged pursuant to Sections 200, 240 and 241 of that statute. Plaintiff's claim pursuant to Section 200 of the New York State Labor Law (the "Labor Law") is for all intents and purposes, identical to a common law claim for negligence. see Labor Law § 200(1); *Rizzuto v. L.A. Wenger Contracting Co., Inc.,* 91 N.Y.2d 343, 352, 670 N.Y.S.2d 816, 821, 693 N.E.2d 1068 (1998). Sections 240 and 241 of the Labor Law impose liability on owners for workers' injuries. These labor law claims differ from typical common law claims in that they do not require a showing of the owner's control or supervision over a job site. Instead, strict liability is imposed on owners for worker injuries occurring under certain circumstances. Finally, Plaintiffs allege negligence and strict product liability claims against Defendant UpRight.

### III. The Motions

Plaintiffs' motion to amend seeks leave to assert that Defendant Galaxy was, at all relevant times, an agent and/or contractor of Biltoria. The partial summary judgment motion seeks entry of a judgment of liability against Defendants Biltoria and Galaxy pursuant to Section 240 of the Labor Law. Plaintiffs' final motion seeks a separate trial against Defendant UpRight. Biltoria has interposed a cross-motion for an order stating that it is entitled to indemnification from Defendant Galaxy. After outlining the facts and applicable law, the court will turn to the merits of the motions.

## DISCUSSION

### I. Motion to Amend

A motion to amend is governed by Rule 15(a) of the Federal Rules of Civil

Procedure. That rule provides that, in the absence of consent, a pleading may be amended by leave of court. Such leave is to be "freely given when justice so requires." FRCP 15(a).

Plaintiffs seek to amend their complaint to allege that Defendant Galaxy is an owner, contractor or agent of Biltoria, the owner of the Premises. Leave to amend is no doubt sought to bring Galaxy within the statutory definition of responsible parties. *See* N.Y. Labor L. § 240(1) (imposing duties on owners, contractors and their agents). Galaxy opposes the motion to amend on the ground that it is neither a contractor nor agent of Biltoria.

■ The issue of whether an entity is an "agent" or "contractor" for purposes of Section 240 of the Labor Law depends upon whether the proposed agent has the authority to control or supervise the work at issue. *See Futo v. Brescia Building Co., Inc.,* 755 N.Y.S.2d 125, 127 (3d Dep't 2003); *Williams v. Dover Home Improvement, Inc.,* 276 A.D.2d 626, 626, 714 N.Y.S.2d 318, 319 (2d Dep't 2000); *Bjelicic v. Lynned Realty Corp.,* 152 A.D.2d 151, 154, 546 N.Y.S.2d 1020, 1021–22 (1st Dep't 1989). This factual question cannot be definitively decided in the context of a motion to amend. Although Galaxy has submitted an affidavit stating that it is not within the statutory definition of responsible parties, Plaintiffs have created an issue of fact regarding Galaxy's status. In light of the facts that: (1) leave to amend is to be freely granted and (2) the proposed amendment should involve little or no additional discovery or delay of the proceedings, the court will grant Plaintiffs the requested leave to amend their complaint.

## II. *Motion for Partial Summary Judgment*

### A. *Standards*

A motion for summary judgment is properly granted only if the court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FRCP 56(c); *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party seeking judgment bears the burden of demonstrating that no issue of fact exists. *McLee v. Chrysler Corp.* 109 F.3d 130, 134 (2d Cir.1997). However, when the nonmoving party fails to make a showing on an essential elements of its case with respect to which it bears the burden of proof, summary judgment will be granted. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The party resisting summary judgment must not only show a disputed issue of fact, but it must also be a material fact in light of substantive law. Only disputed facts that "might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 242, 106 S.Ct. 2505.

### B. *Section 240 of the Labor Law*

#### 1. *The Scope of Section 240*

■ Section 240 of the Labor Law ("Section 240") is the current enactment of New York State statutory laws aimed at protecting workers from the dangers of elevation-related risks. *Joblon v. Solow,* 91 N.Y.2d 457, 462–63, 672 N.Y.S.2d 286, 289, 695 N.E.2d 237 (1998); *Ross v. Curtis–Palmer Hydro–Electric Co.,* 81 N.Y.2d 494, 500, 601 N.Y.S.2d 49, 52, 618 N.E.2d 82 (1993). To this end, Section 240 requires that appropriate scaffolding be erected to protect workers involved in the "erection, demolition, repairing, altering, painting, cleaning or pointing of a building." N.Y. Labor L. § 240(1). Failure to erect proper protection for workers will result in the imposition of absolute liability

for worker injuries. *Gordon v. Eastern Railway Supply, Inc.,* 82 N.Y.2d 555, 559–60, 606 N.Y.S.2d 127, 129, 626 N.E.2d 912 (1993).

■ The statute is one of strict liability and imposes liability on contractors as well as owners and their agents without regard to notice of any defective condition. *Rocovich v. Consolidated Edison Co.,* 78 N.Y.2d 509, 513, 577 N.Y.S.2d 219, 221, 583 N.E.2d 932 (1991); *see Zimmer v. Chemung County Performing Arts, Inc.,* 65 N.Y.2d 513, 522, 493 N.Y.S.2d 102, 106, 482 N.E.2d 898 (1985). The duties imposed on owners by Section 240 are nondelegable and require no showing that the owner exercised supervision or control over the workplace. *Gordon v. Eastern Railway Supply, Inc.,* 82 N.Y.2d 555, 559–60, 606 N.Y.S.2d 127, 129, 626 N.E.2d 912 (1993).

■ To prevail on a claim brought pursuant to Section 240, Plaintiff must show a failure to provide the protection set forth in the statute and that such failure was a proximate cause of the accident. *Zimmer,* 65 N.Y.2d at 524, 493 N.Y.S.2d at 107, 482 N.E.2d 898; *Serpe v. Eyris Productions, Inc.,* 243 A.D.2d 375, 376, 663 N.Y.S.2d 542, 544 (1st Dept.1997); *see also Futo v. Brescia Building Co., Inc.,* 755 N.Y.S.2d 125, 127 (3d Dep't 2003) (contractor subject to absolute liability for any statutory violation that was "a contributing cause" of the accident).

■ While the contributory negligence of a worker is no defense to a Section 240 action, a worker's active intentional conduct may release an owner from liability under the statute. *Gordon,* 82 N.Y.2d at 562, 606 N.Y.S.2d at 131, 626 N.E.2d 912. Such release from liability will occur, however, only in cases where it is shown that the worker's actions were the "sole" proximate cause of the injuries sustained. *Weininger v. Hagedorn & Company,* 91 N.Y.2d 958, 960, 672 N.Y.S.2d 840, 841, 695 N.E.2d 709 (1998); *Allen v. Village of Farmingdale,* 282 A.D.2d 485, 486, 723 N.Y.S.2d 219, 221 (2d Dep't 2001); *Musselman v. Charles A. Gaetano Contr. Corp.,* 277 A.D.2d 691, 692, 716 N.Y.S.2d 466, 468 (3d Dep't 2000); *McMahon v. 42nd St. Devel. Project, Inc.,* 188 Misc.2d 25, 27–28, 726 N.Y.S.2d 203, 207 (2001).

■ The "sole proximate cause" defense is related to what has become known as the "recalcitrant worker" defense. This defense finds its inception in a case holding that property owners have no duty to force refusing workers to use available safety equipment. *Smith v. Hooker Chems. & Plastics Corp.,* 89 A.D.2d 361, 455 N.Y.S.2d 446 (1982). The defense applies, however, only where the owner can show that appropriate safety devices were "constructed, placed and operated" for the work to be performed. *Singh v. Barrett,* 192 A.D.2d 378, 379–80, 596 N.Y.S.2d 45, 47 (1st Dep't 1993). If such devices are available, owners are not placed under a duty to "insist that a recalcitrant worker use the devices." *Id.,* quoting, *Smith,* 89 A.D.2d at 365, 455 N.Y.S.2d at 446.

As set forth by the same court that decided *Smith,* that decision should not be read to "impose the burden on the worker to guarantee his own safety by requiring that he construct, place or operate the equipment in a proper manner. If that were required, [Section 240] would be of little or no benefit to the worker and the legislative purpose would be frustrated." *Heath v. Soloff Constr., Inc.,* 107 A.D.2d 507, 511, 487 N.Y.S.2d 617, 620 (4th Dep't 1985).

■ The parties disagree as to the viability of the recalcitrant worker defense. The court notes that this defense does not find its genesis in any Court of Appeals decision, and to the extent that the defense

exists, it has been limited by a subsequent ruling. Thus, this court holds that a worker's recalcitrance is relevant only if such conduct results in a finding that the sole proximate cause of the worker's injuries were his own actions. In such cases, as set forth above, there is no Section 240 owner liability.

### 2. Summary Judgment in Section 240 Cases

Courts faced with the decision of whether summary judgment should be granted where workers fall from ladders and/or other "scaffold type" of devices have reached varying results. In *Dos Santos v. State of New York*, 300 A.D.2d 434, 751 N.Y.S.2d 577, 578 (2d Dep't 2002), for example, the Second Department held that summary judgment was appropriate in a case where plaintiff's decedent fell from an elevated lift truck that toppled over while decedent was painting a building. Similarly, in *Kash v. McCann Real Equities Developments, LLC.*, 279 A.D.2d 432, 432, 720 N.Y.S.2d 70, 70 (1st Dep't 2001), the First Department held that plaintiff was entitled to summary judgment where the injury followed the collapse of a mobile scissors lift. Likewise, in *Singh v. Hanover Estates, LLC*, 276 A.D.2d 394, 394, 714 N.Y.S.2d 713, 713 (1st Dep't 2000), summary judgment was granted in a case where the plaintiff's injuries were caused by the tipping over of a ten foot high scaffold. *See also Raczka v. Nichter Utility Contr. Co., Inc.*, 272 A.D.2d 874, 874, 707 N.Y.S.2d 735, 735–36 (4th Dep't 2000) (plaintiff granted summary judgment after hydraulic platform fell); *Vanriel v. A. Weissman Real Estate*, 262 A.D.2d 56, 56, 691 N.Y.S.2d 446, 447 (1st Dep't 1999) (summary judgment entered against defendant where plaintiff fell from scaffold); *Singh v. Barrett*, 192 A.D.2d 378, 379, 596 N.Y.S.2d 45, 46–47 (1st Dep't 1993) (plaintiff entitled to summary judgment where

injuries followed fall through damaged floor planks).

Despite this seemingly clear line of cases, other cases involving falls by workers involved in elevation-related situations have held that questions of fact preclude the entry of summary judgment. In *Weininger v. Hagedorn & Company*, 91 N.Y.2d 958, 672 N.Y.S.2d 840, 695 N.E.2d 709 (1998), the case most heavily relied upon by Defendants, the New York Court of Appeals held that summary judgment was inappropriately granted to a plaintiff who was injured when he fell from a ladder. In that case, the Court noted that summary judgment could not be granted where "a reasonable jury could have concluded that plaintiff's actions were the sole proximate cause of his injuries." *Weininger*, 91 N.Y.2d at 960, 672 N.Y.S.2d at 841, 695 N.E.2d 709. Certain cases decided in the aftermath of *Weininger* have refused to grant plaintiffs' motions for summary judgment, despite the fact that injuries were suffered after a fall.

In *Allen v. Village of Farmingdale*, 282 A.D.2d 485, 723 N.Y.S.2d 219 (2d Dep't 2001), the Second Department affirmed an order denying plaintiff's motion for summary judgment in a case brought pursuant to Section 240. There, the court held that questions of fact surrounding plaintiff's fall from a ladder precluded the entry of judgment. *Allen*, 282 A.D.2d at 486, 723 N.Y.S.2d at 221. Similarly, in *Musselman v. Charles A. Gaetano Constr. Corp.*, 277 A.D.2d 691, 716 N.Y.S.2d 466 (3d Dep't 2000), the Third Department affirmed a denial of summary judgment holding that questions of fact regarding the placement of a scaffold, and the maintenance of the area beneath the scaffold, precluded granting the motion. *See also Williams v. Dover Home Improvement, Inc.*, 276 A.D.2d 626, 626–27, 714 N.Y.S.2d 318, 319 (2d Dep't 2000) (fall from a ladder, standing

alone, held insufficient to grant summary judgment to plaintiff in case brought pursuant to Section 240); *accord Donovan v. CNY Consolidated Contractors, Inc.*, 278 A.D.2d 881, 881, 718 N.Y.S.2d 760, 761 (4th Dep't 2000).

Some courts have attempted to harmonize the summary judgment cases by adopting the rule that a question of fact is presented in a case involving a fall, but no question of fact exists in cases of scaffold collapse. *See, e.g., Nelson v. Ciba–Geigy*, 268 A.D.2d 570, 702 N.Y.S.2d 373, 375 (2d Dep't 2000) (liability is a question of fact "except when the device collapses, moves, falls or otherwise fails to support the plaintiff and his materials"); *Romano v. Hotel Carlyle Owners Corp.*, 226 A.D.2d 441, 442, 641 N.Y.S.2d 50, 51 (2d Dep't 1996) (question of fact presented where scaffold did not move or collapse); *see generally McMahon v. 42nd St. Devel. Project, Inc.*, 188 Misc.2d 25, 30 n. 1, 726 N.Y.S.2d 203, 208 n. 1 (2001). Despite the holdings in such cases, however, the Court of Appeals has yet to adopt such a standard and the court is not confident that such a standard represents New York State law. *See Mata v. I Chera and Sons*, 2001 WL 1328596 (July 11, 2001) (noting division among courts).

III. *Disposition of the Motion for Summary Judgment*

A. *Plaintiff's Case Falls Within the Scope of Section 240*

▆▆▆ The hazards within the scope of Section 240 include those stemming from the use of a device that is "intended to facilitate access to a different elevation level for the worker or his materials." *Hargobin v. K.A.F.C.I., Corp.*, 282 A.D.2d 31, 35, 724 N.Y.S.2d 155, 158 (1st Dep't 2001); *see Melber v. 6333 Main St., Inc.*, 91 N.Y.2d 759, 762, 676 N.Y.S.2d 104, 105–06, 698 N.E.2d 933 (1998). The accident and injuries at issue here are clearly those that fall within the scope of Section 240. Plaintiffs were working at a high elevation and suffered injury when a device being used as a scaffold fell. New York courts have held consistently that such accidents fall within the scope of Section 240. *See, e.g., Dos Santos v. State of New York*, 300 A.D.2d 434, 751 N.Y.S.2d 577, 578 (2d Dep't 2002) (Section 240 applied where plaintiff's decedent fell from an elevated lift truck that toppled over while decedent was painting a building); *Kash v. McCann Real Equities Developments, LLC.*, 720 N.Y.S.2d 70 (1st Dep't 2001) (Section 240 applied where plaintiff was injured after falling fourteen feet when mobile scissors lift fell to the ground); *Singh v. Hanover Estates, Inc.*, 276 A.D.2d 394, 714 N.Y.S.2d 713, 713 (1st Dep't 2000) (Section 240 applied where accident involved the tipping over of a ten foot high scaffold).

B. *Summary Judgment Must Be Denied*

▆▆▆ The question of whether the workers here are entitled to summary judgment on the liability issue is not simple. As noted above, New York courts faced with similar issues have reached different conclusions. While some courts have granted summary judgment to plaintiffs, others have held that questions of fact regarding how the accident occurred preclude the entry of judgment before trial. The holding in any particular case appears to be fact-specific and generalizations are difficult to draw.

In opposition to Plaintiff's motion for summary judgment on the Section 240 claim, Defendant Biltoria relies on the recalcitrant worker/sole proximate cause defense. According to Biltoria, Plaintiffs were told to use wooden planks to level the Device but refused. It is further argued that Plaintiffs were provided with harness-

es that might have protected them from the fall but failed to utilize those devices. Although Biltoria's factual defense is somewhat weak, it presents sufficient questions of fact to preclude the entry of judgment at this time.

 At trial, the burden faced by Biltoria will be high. The law is clear that Section 240 liability is avoided on the basis of worker conduct only if the facts demonstrate that such conduct was the sole proximate cause of the accident. *Weininger*, 91 N.Y.2d at 960, 672 N.Y.S.2d at 841, 695 N.E.2d 709; *Allen*, 282 A.D.2d at 486, 723 N.Y.S.2d at 221; *Musselman*, 277 A.D.2d at 692, 716 N.Y.S.2d at 468. If this cannot be shown, liability under the Labor law will likely follow. Moreover, contrary to the position taken in Biltoria's memorandum of law, Section 240 places no burden on Plaintiffs to show that the Device was somehow defective. *See Bonanno v. Port Authority of New York and New Jersey*, 298 A.D.2d 269, 270, 750 N.Y.S.2d 7, 8 (1st Dep't 2002). While such evidence may be relevant to other causes of action, and will certainly be a part of the product liability claim against UpRight, it is irrelevant to a claim brought pursuant to Section 240.[1]

## IV. *Motion for Indemnification*

 Defendant Biltoria moves for an order stating that in the event that it is found liable to Plaintiffs, it is entitled to indemnity from Defendant Galaxy. New York law provides that an entity held vicariously liable pursuant to Section 240, who has not actually controlled or supervised the work at issue, is entitled to indemnification from the party who actually supervised the work. *Morin v. Hamlet Golf Devel. Corp.*, 270 A.D.2d 321, 321, 704 N.Y.S.2d 286, 287 (2d Dep't 2000).

Numerous questions of fact exist regarding the authority of all Defendants herein. Such questions cannot be resolved in the context of this motion and must await trial. Accordingly, the motion for an order of indemnification is denied.

## V. *Motion for a Separate Trial*

The final motion before the court is Plaintiffs' motion for a separate trial of their claims against defendant UpRight. This court has broad discretion as to the conduct of its cases. Upon consideration, the court declines to order separate trials in this matter. All claims will be tried together shortly after completion of discovery.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to amend their complaint to add allegations against Defendant Galaxy is granted. Plaintiffs' motion for partial summary judgment on their claims pursuant to Section 240 of the Labor Law is denied. Defendant Biltoria's motion for an order of indemnification is denied as is Plaintiffs' separate trial motion.

The parties are ordered to contact the chambers of Magistrate Judge E. Thomas Boyle so that a conference can be held for the purpose of entering into a final discovery schedule that ensures trial of this matter shortly after June 30, 2003.

The Clerk of the Court is directed to terminate all pending motions.

SO ORDERED.

---

1. To the extent that Defendant Galaxy is a responsible party pursuant to Section 240, Plaintiffs' motion for summary judgment is denied with respect to that Defendant as well.

Additionally, the burden referred to above will be the same for any Defendant found to be a potentially responsible party under the Labor Law.