HOWARD R. BUSCH, Respondent, v ERIE COUNTY INDUSTRIAL DEVELOPMENT AGENCY, et al., Defendants, and 2525 WALDEN ASSOCIATES, Appellant. [809 NYS2d 696]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered October 12, 2004. The order granted plaintiff's motion for partial summary judgment on liability against defendant 2525 Walden Associates on the Labor Law § 240 (1) cause of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is denied.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell from a ladder. Supreme Court erred in granting plaintiff's motion for partial summary judgment on liability against 2525 Walden Associates (defendant) on the Labor Law § 240 (1) cause of action. According to the deposition testimony of plaintiff, the ladder was not tied off or secured in

any manner, nor was he given a safety harness. We conclude, however, that there is a triable issue of fact whether plaintiff's own actions were the sole proximate cause of the accident (*see generally Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290-292 [2003]; *Weininger v Hagedorn & Co.*, 91 NY2d 958, 960 [1998], *rearg denied* 92 NY2d 875 [1998]), precluding summary judgment. In opposition to the motion, defendant submitted medical records from the Erie County Medical Center (ECMC) indicating that plaintiff told his treating physicians that he did not recall the event and that he might have had a shock from an implanted defibrillator. The records further indicate that plaintiff told the ECMC physicians that he had forgotten to take his heart medication that morning. In addition, in response to defendant's submissions in opposition to the motion, plaintiff submitted the deposition testimony of an eyewitness who testified that the ladder was tied off at the top when plaintiff fell and that the ladder did not move. Thus, we conclude that there is a triable issue of fact on the record before us whether plaintiff's actions were the sole proximate cause of the accident (*see generally Blake*, 1 NY3d at 290-292). Present— Green, J.P., Hurlbutt, Kehoe, Gorski and Martoche, JJ.