Emery v Steinway, Inc. (2019 NY Slip Op 09368)





Emery v Steinway, Inc.


2019 NY Slip Op 09368


Decided on December 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 26, 2019

Renwick, J.P., Oing, Singh, González, JJ.


10646 110133/11 590344/13 590291/14

[*1] Scott Emery, Plaintiff-Appellant,
v
Steinway, Inc., et al., Defendants-Respondents. 
[And Third-Party Actions]


Sacks and Sacks, L.L.P., New York (Scott N. Singer of counsel), for appellant.
Law Office of James J. Toomey, New York (Evy Kazansky of counsel), for Steinway, Inc. and 111 West 57th Street Associates L.P., respondents.
Shaub, Ahmuty, Citrin & Spratt LLP, Lake Success (Jonathan P. Shaub of counsel), for Cheung Kong Graduate School of Business School and Rockefeller Technology Solutions, respondents.



Order, Supreme Court, New York County (Carmen Victoria St. George, J.), entered November 29, 2018, which, to the extent appealed from as limited by the briefs, granted defendants' motions for summary judgment dismissing plaintiff's Labor Law § 241(6) claim, unanimously reversed, on the law, without costs, and the motions denied.
Plaintiff brought this Labor Law § 241(6) action against defendants for injuries he allegedly sustained while installing cabling above a drop ceiling. Plaintiff contends he hit his head on a steel beam due to defendants' failure to provide him with a hard hat, in violation of Labor Law § 241(6) and Industrial Code § 23-1.8, and the inadequate lighting of the premises, in violation of Industrial Code § 23-1.30.
Defendants moved for summary judgment supported by various affidavits, claiming, among other things, that Industrial Code § 23-1.8 was inapplicable since plaintiff was not engaged in activity that constituted "construction, excavation, or demolition" within the meaning of Labor Law § 241(6), and that, in any event, the Industrial Code sections cited were either too general or insufficiently relevant to form a basis for section 241(6) liability.
Supreme Court granted defendants' motion, finding that section 241(6) "only applies to accidents caused during demolition, construction and/or excavation, none of which was underway at the time of the accident." Additionally, the court found that plaintiff was only required to "move a single tile out of the way and then snake a cable through a drop ceiling that had already been fully installed. As such, without more, plaintiff's work [did] not constitute construction, excavation or demolition' within the meaning of the statute.'" Supreme Court reasoned that because the structure was not physically altered in some way, plaintiff's work also could not constitute construction.
Plaintiff appealed. We now reverse.
Labor Law § 241(6) requires owners, contractors and their agents to provide a safe workplace for workers performing "construction, excavation or demolition work." "In determining what constitutes construction' for purposes of the statute we look to the Industrial Code which, as relevant here, defines construction to include alteration of a structure" (Saint v Syracuse Supply Co., 25 NY3d 117, 129 [2015], citing 12 NYCRR 23-1.4[b][13]; see also Jablon v Solow, 91 NY2d 457 [1998]).
We find that an issue of fact is raised as to whether plaintiff was altering the structure when he was pulling cable above the drop ceiling (see Weininger v Hagedorn & Co., 91 NY2d 958 [1998]). In his deposition plaintiff stated that, in order to access the cable, plaintiff pushed a [*2]ceiling tile "over to the next tile." He described his work at the time of the accident as "going up into the ceiling . . . to figure out where we were going with the cable." Plaintiff had been provided with a saw to cut holes in the wall and ceiling when necessary.
The work plaintiff performed is similar to the alteration described in Weininger. There, "at the time of his accident, the plaintiff was running computer and telephone cable through the ceiling . . . . This involved . . . access[ing] a series of holes punched in the ceiling and pulling the wiring through" (id. at 959). The Court of Appeals found that this work "involved making a significant physical change to the configuration or composition of the building or structure, not a simple, routine activity," and thus held it to be an alteration within the purview of section 240(1) (id. at 960 [internal quotation marks omitted]). Although Weininger did not involved a section 241(6) claim, its explanation of what work constitutes an "alteration" is relevant to the case at bar (see Saint, 25 NY3d at 129; see also Sarigual v New York Tel. Co., 4 AD3d 168 [1st Dept 2004], lv denied 3 NY3d 606 [2004] ["Stripping the insulation from the subject cable wire is an alteration under [240(1)]"]). Thus, as "running cables" is considered to be a "significant physical change" to fall within the purview of alteration and not "routine" maintenance, there remains a question of fact as to whether plaintiff's work constituted an alteration within the meaning of Labor Law § 241(6).
Further, it is simply irrelevant that plaintiff could not remember if he had made any holes while performing the installation work or if they were preexisting. At issue is whether the operative work plaintiff was engaged to perform was a building alteration (Saint, 25 NY3d at 124 [" it is neither pragmatic nor consistent with the spirit of the statute to isolate the moment of injury and ignore the general context of the work'"], quoting Prats v Port Auth. Of N.Y. & N.J., 100 NY2d 878, 882 [2003]).
Concerning defendants' remaining argument, that the Industrial Code sections cited were either too general or insufficiently relevant to form a basis for section 241(6) liability, we have held otherwise (see Rutkowski v New York Convention Ctr. Dev. Corp., 146 AD3d 686, 687 [1st Dept 2017] [holding that 12 NYCRR 23-1.8(c)(1) is sufficiently specific with regard to the requirement of providing protective apparel]; Murphy v Columbia Univ., 4 AD3d 200, 202 [1st Dept 2004] [holding that 12 NYCRR 23-1.30 is sufficiently specific with regard to the obligation to keep work areas illuminated, and expert testimony regarding the level of illumination was unnecessary to demonstrate its inadequacy]). These code sections are applicable to the facts of this case. Accordingly, defendants' arguments are unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 26, 2019
CLERK