Shawn McALLISTER and Kimberly McAllister, Plaintiffs,

v.

G & S INVESTORS, G & S Port Chester Corp., LLC, Peg/Park Architects, P.C., Langan Engineering and Environmental Services, Inc. Farmingdale Maintenance Services, Inc. And Loftus Contracting Corp., Defendants.

No. CV 03–3364.

United States District Court, E.D. New York.

Feb. 17, 2005.

Silberstein, Awad & Miklos, P.C. by Denis G. Kelly, Esq., Garden City, NY, for Plaintiffs.

Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, By Robert T. Krause, Esq., Uniondale, NY, for Defendant Loftus Contracting Corp.

Kral, Clerkin, Redmond, Ryan, Perry & Girvan, LLP by Thaddeus K. Rozanski, Esq., Mineola, NY, for Defendants G & S Investors, G & S Port Chester, Corp., G & S Port Chester, LLC., and Farmingdale Maintenance Services, Inc.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiffs in this case seek damages arising from injuries sustained after an on the job accident involving Plaintiff Shawn McAllister ("Plaintiff"). Plaintiff Kimberly

McAllister seeks damages for loss of consortium. The defendants who are parties to motions before the court are G & S Investors, G & S Port Chester, Corp., G & S Port Chester, LLC., (collectively "G & S"), Farmingdale Maintenance Services, Inc. ("Farmingdale") and Loftus Contracting Corp. ("Loftus")

Plaintiffs set forth claims pursuant to both state and federal law. In addition to a common law negligence claim, Plaintiffs allege a claim pursuant to Section 240 of the New York State Labor Law ("Section 240") and a federal claim pursuant to the Longshore and Harbor Workers' Compensation Act (the "LHWCA").

Presently before the court are the parties' cross motions for summary judgment. For the reasons set forth below, all motions are denied.

### BACKGROUND

I. *The Moving Parties and the Allegations of the Complaint*

Plaintiff Shawn McAllister alleges that he suffered severe and permanent back injuries on April 22, 2002, after falling from a ladder. The fall occurred while Plaintiff was working as a dock builder performing carpentry work at a demolition and reconstruction project located in Port Chester, New York (the "Port Chester Project"). Plaintiff alleges that he fell from a height of approximately ten feet from a ladder located on a float stage at the Port Chester Project. He attributes his injuries to the negligence of all defendants as well as the breach of duties under the LHWCA and Section 240.

Defendant Farmingdale was Plaintiff's employer and the G & S Defendants are alleged to have been the general contractors for the Port Chester Project and the owners of the site where the work was being performed. Loftus is alleged to be the owner of the float stage upon which Plaintiff was working on the day of the accident.

Plaintiffs seeks summary judgment on the Section 240 claim on the ground that this statute imposes strict liability under the circumstances present here. Defendants oppose this motion and seek to have the Section 240 claim dismissed on the ground of preemption. Defendant Loftus also seeks summary judgment on the separate ground that it is not an appropriate defendant under any theory. The court turns now to the merits of the motions.

II. *Disposition of The Motions*

1. *Motions for Summary Judgment on the Merits*

A motion for summary judgment is properly granted only if the court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FRCP 56(c); *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Donahue v. Windsor Locks Bd. of Fire Comm'rs,* 834 F.2d 54, 57 (2d Cir.1987). Upon consideration, the Court finds that genuine issues of material fact exist precluding the court from granting the summary judgment motions of Plaintiffs' and Loftus. Accordingly, these motions are denied without prejudice to renewal at the close of Plaintiff's case.

2. *Preemption Motion*

Defendants' preemption motion is the sole issue that is ripe for summary judgment. For the reasons set forth below, the court holds that the Section 240 claim is not preempted and the defense motion to dismiss on this ground is therefore denied.

■ Section 240 is the current enactment of New York State statutory laws aimed at protecting workers from the dangers of elevation-related risks. *Joblon v. Solow,* 91 N.Y.2d 457, 462–63, 672 N.Y.S.2d 286, 289, 695 N.E.2d 237 (1998); *Ross v. Curtis–Palmer Hydro–Elect. Co.,* 81 N.Y.2d 494, 500, 601 N.Y.S.2d 49, 52, 618 N.E.2d 82 (1993). To this end, Section 240 requires that appropriate scaffolding be erected to protect workers involved in the "erection, demolition, repairing, altering, painting, cleaning or pointing of a building." N.Y. Labor L. § 240(1). Failure to erect proper protection for workers will result in the imposition of absolute liability for worker injuries. *Gordon v. Eastern Railway Supply, Inc.,* 82 N.Y.2d 555, 559–60, 606 N.Y.S.2d 127, 129, 626 N.E.2d 912 (1993).

■ Section 240 is a strict liability statute and imposes liability on contractors as well as owners and their agents without regard to notice of any defective condition. *Rocovich v. Consolidated Edison Co.,* 78 N.Y.2d 509, 513, 577 N.Y.S.2d 219, 221, 583 N.E.2d 932 (1991); *see Zimmer v. Chemung County Performing Arts, Inc.,* 65 N.Y.2d 513, 522, 493 N.Y.S.2d 102, 106, 482 N.E.2d 898 (1985). The duties imposed on owners by Section 240 are nondelegable and require no showing that the owner exercised supervision or control over the workplace. *Gordon v. Eastern Railway Supply, Inc.,* 82 N.Y.2d 555, 559–60, 606 N.Y.S.2d 127, 129, 626 N.E.2d 912 (1993).

■ To prevail on a claim brought pursuant to Section 240, Plaintiff must show a failure to provide the protection set forth in the statute and that such failure was a proximate cause of the accident. *Zimmer,* 65 N.Y.2d at 524, 493 N.Y.S.2d at 107, 482 N.E.2d 898; *Serpe v. Eyris Productions, Inc.,* 243 A.D.2d 375, 376, 663 N.Y.S.2d 542, 544 (1st Dept.1997); *see also Futo v. Brescia Building Co., Inc.,* 302 A.D.2d 813, 814–15, 755 N.Y.S.2d 125, 127–28 (3d Dep't.2003) (contractor subject to absolute liability for any statutory violation that was "a contributing cause" of the accident).

■ While the contributory negligence of a worker is no defense to a Section 240 action, a worker's active intentional conduct may release an owner from liability under the statute. *Gordon,* 82 N.Y.2d at 562, 606 N.Y.S.2d at 131, 626 N.E.2d 912. Such release from liability will occur, however, only in cases where it is shown that the worker's actions were the "sole" proximate cause of the injuries sustained. *Weininger v. Hagedorn & Company,* 91 N.Y.2d 958, 960, 672 N.Y.S.2d 840, 841, 695 N.E.2d 709 (1998); *Allen v. Village of Farmingdale,* 282 A.D.2d 485, 486, 723 N.Y.S.2d 219, 221 (2d Dep't 2001); *Musselman v. Charles A. Gaetano Contr. Corp.,* 277 A.D.2d 691, 692, 716 N.Y.S.2d 466, 468 (3d Dep't 2000); *McMahon v. 42nd St. Devel. Project, Inc.,* 188 Misc.2d 25, 27–28, 726 N.Y.S.2d 203, 207 (2001).

The LHWCA differs from Section 240 in one important aspect. This federal maritime law, unlike Section 240, is not a strict liability statute but one that requires a plaintiff to show negligence on the part of the defendant. The LHWCA also permits defendant to submit proof of plaintiff's comparative negligence. *Gravatt v. City of New York,* 1998 WL 171491 * 9 (S.D.N.Y.1998), *rev'd. on other grounds,* 226 F.3d 108(2d Cir.2000). It is this difference between Plaintiffs' theories of liability upon which Defendants seize to support their preemption argument.

■ Preemption doctrines are based upon the principle that the Supremacy Clause of the Constitution invalidates state laws that interfere with, or are contrary to, those of the federal government. *Sprint Spectrum L.P. v. Mills,* 283 F.3d 404, 414 (2d Cir.2002) (citations omitted). Preemp-

tion may be express or implied. Express preemption exists where a federal statute expressly states the intent to preempt state law. Implied preemption is found where a statute's scope indicates an intent to wholly occupy a field or where there is an actual conflict between the federal and state laws. *Id.* Implied preemption is found, for example, where it is impossible to comply simultaneously with both federal and state regulatory standards or where state law poses an obstacle to Congressional intent. *Id.; see also Motor Vehicle Manufacturers Assoc. of the United States, Inc. v. Abrams,* 899 F.2d 1315, 1318–19 (2d Cir.1990); *Gravatt,* 1998 WL 171491 *12 (preemption exists where there is Congressional intent to preempt a field or there exists an actual conflict between federal and state law).

 No concern requiring preemption is present here. First, Defendants point to no express preemption language in the LHWCA. Next, it is clear that the LHWCA and Section 240 share the same objective—the protection of workers and placement of financial responsibility on those most likely to be able to prevent injury. *See Cammon v. City of New York,* 95 N.Y.2d 583, 588–89, 721 N.Y.S.2d 579, 583, 744 N.E.2d 114 (2000). Finally, there is no direct conflict between the LHWCA and Section 240. While the statutes require different findings for liability to be imposed, these different theories can be presented to a jury by use of a special verdict form. *Gravatt,* 1998 WL 171491 *13.

Thus, this court agrees with the two courts that have confronted the preemption issue raised here and holds that Section 240 is not preempted by the LHWCA. *See Cammon,* 95 N.Y.2d at 590, 721 N.Y.S.2d at 584, 744 N.E.2d 114; *Gravatt v. City of New York,* 1998 WL 171491 *14; *accord Palanquet v. Weeks Marine, Inc.,*

333 F.Supp.2d 58, 66 (E.D.N.Y.2004). Accordingly, the motion to dismiss the Section 240 claim on the ground of preemption is denied.

### CONCLUSION

For the foregoing reasons, the parties' motions for summary judgment are denied. The Clerk of the Court is directed to terminate all pending motions.

SO ORDERED.