■ ANTHONY BONANNO et al., Appellants, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent. [750 NYS2d 7] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered on or about October 18, 2001, denying plaintiffs' motion to set aside the jury's verdict in favor of defendant on the issue of liability and to grant judgment to plaintiffs on the issue of liability as a matter of law, unanimously reversed, on the law, without costs or disbursements, the motion granted, judgment notwithstanding the verdict directed in favor of plaintiffs on the issue of liability pursuant to Labor Law § 240 (1) and the matter remanded for a trial on damages.

Plaintiff, Anthony Bonanno, an electrician employed by a nonparty to the action, was injured on December 9, 1997, when he fell off a ladder in the elevator machine room on the 88th floor at 2 World Trade Center. As the trial evidence shows, plaintiff, standing three steps from the bottom of a Port Authority six-foot fiberglass A-frame ladder with rubber feet, was working with his hands over his head installing electrical conduit for a new fire alarm system. He was wearing safety glasses, not goggles. As he was drilling into the ceiling with a two-foot long device, weighing 10 to 15 pounds, a piece of debris fell behind his protective glasses, and "got into [his] right eye," causing plaintiff to shift his weight. As he did so, "the ladder slid away from [him] and [he] went down." Plaintiff landed on his feet but twisted his right knee, resulting in a torn medial

meniscus. The ladder did not fall over or break. There was evidence that the floor of the machine room was oily and that plaintiff had oil on his shoes. These facts were basically uncontradicted.

Plaintiff's motion for a directed verdict on liability was denied. With respect to the Labor Law § 240 (1) claim, the jury was asked to decide whether the ladder was so placed as to give plaintiff proper protection at the work site. The jury answered unanimously in the affirmative and a verdict for the Port Authority was returned. The trial court denied plaintiff's motion to set aside the verdict and for judgment notwithstanding the verdict, from which determination this appeal is taken. We reverse.

It is clear from the record that plaintiff, engaged in a protected activity while subject to an elevation risk, was injured as a result of falling from an unsecured ladder that failed to support him safely. As in *Wasilewski v Museum of Modern Art* (260 AD2d 271), the A-frame ladder was not secured to something stable; nor was it chocked or wedged in place. No other safety devices were provided to prevent the fall. Nor does the evidence suggest that plaintiff's own actions were the sole proximate cause of his injury. Thus, plaintiff, as a matter of law, was entitled to recover on his Labor Law § 240 (1) claim. Plaintiff was under no obligation to show that the ladder was defective in some manner (*Klein v City of New York*, 222 AD2d 351, *affd* 89 NY2d 833) or to prove that the floor was slippery to make out a Labor Law § 240 (1) violation. It was sufficient to show the absence of adequate safety devices to prevent the ladder from sliding or to protect plaintiff from falling. (*Orellano v 29 E. 37th St. Realty Corp.*, 292 AD2d 289.) Concur—Williams, P.J., Tom, Mazzarelli, Sullivan and Gonzalez, JJ.