■ PETER PETROCELLI et al., Appellants, v TISHMAN CONSTRUCTION Co. et al., Defendants, and HINES MANAGEMENT Co. et al., Respondents. [797 NYS2d 12]—

Judgment, Supreme Court, New York County (Paula J. Omansky, J.), entered June 10, 2004, upon a jury verdict in defendants' favor, unanimously affirmed, without costs.

Plaintiff, a journeyman electrician, was injured in the course of a renovation project when he fell from a ladder. Conflicting evidence with respect to how plaintiff fell from the ladder presented a triable issue as to whether plaintiff's injury was attributable to a failure on defendants' part to provide adequate protective devices or was solely attributable to plaintiff's own conduct (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280 [2003]; *and see Weininger v Hagedorn & Co.*, 91 NY2d 958 [1998]). The jury was entitled to resolve the issue and we perceive no basis to disturb the verdict.

The accident report was properly admitted into evidence as a business record. The report was prepared by the foreman on the renovation project in the regular course of business and was based on the account provided to him by the injured plaintiff (*see Clarke v New York City Tr. Auth.*, 174 AD2d 268, 272-273 [1992]).

The trial court properly refused to charge the jury on plaintiff's Labor Law § 241 (6) cause of action, since the Industrial Code regulation pleaded was not sufficiently specific to impose liability (*see Fairchild v Servidone Constr. Corp.*, 288 AD2d 665, 667-668 [2001]). Concur—Buckley, P.J., Tom, Ellerin, Williams and Sweeny, JJ.