■ ROBERT BRADLEY et al., Appellants-Respondents, v IBEX CONSTRUCTION, LLC, Respondent, and HOME DEPOT U.S.A., INC. et al., Respondents-Appellants, et al., Defendant. IBEX CONSTRUCTION, LLC, Second Third-Party Plaintiff-Appellant, v SAGE ELECTRICAL CONTRACTING, INC., Second Third-Party Defendant-Respondent. (And a Third-Party Action.) [865 NYS2d 32]—

Judgment, Supreme Court, New York County (Walter J. Relihan, Jr., J., at trial and post-trial motion to set aside verdict; Louis B. York, J., on post-trial motion to dismiss third-party action and cross claims), entered December 5, 2007, after a jury verdict in favor of defendants on the issue of liability under Labor Law § 240 (1), unanimously modified, on the law, plaintiffs' motion to set aside the verdict granted, judgment directed in favor of plaintiffs on the issue of liability pursuant to section 240 (1), the claims and cross claims for indemnification against second third-party defendant Sage Electrical Contracting, Inc. reinstated, the matter remanded for trial on damages and apportionment of fault among defendants, and otherwise affirmed, without costs. Appeals from orders, same court (Rosalyn Richter, J.), entered June 8, 2006, and (Walter J. Relihan, Jr., J.), entered December 15, 2006, which, to the extent appealed from as limited by the briefs, denied plaintiffs' respective motions for partial summary judgment on their section 240 (1) claim, and to set aside the verdict, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The motion court properly denied plaintiffs' motion for partial summary judgment. Plaintiffs established a prima facie case

that defendants and second third-party defendant violated Labor Law § 240 (1) by failing to ensure the proper placement of the ladder due to the condition of the floor, but a triable issue of fact was raised by the accident report, which indicated that plaintiff worker had tripped on the plastic-covered floor and did not fall from the ladder (*see e.g. Potter v NYC Partnership Hous. Dev. Fund Co., Inc.*, 13 AD3d 83, 85 [2004]; *cf. Klein v City of New York*, 89 NY2d 833, 835 [1996]). The court properly determined that the accident report was admissible as a business record (*see Buckley v J.A. Jones/GMO*, 38 AD3d 461, 462-463 [2007]). A proper foundation was established for admission of the accident report into evidence under the business record exception to the hearsay rule (*see Petrocelli v Tishman Constr. Co.*, 19 AD3d 145 [2005]). Accordingly, denial of plaintiffs' motion for a directed verdict on the issue of liability was proper because the accident report raised an issue of fact as to whether the alleged violation of section 240 (1) proximately caused his accident (*see e.g. Holt v Welding Servs.*, 264 AD2d 562, 563 [1999], *lv dismissed* 94 NY2d 899 [2000]). The trial court properly charged the jury as to sole proximate cause (*see* 1B NY PJI3d 2:217, at 1153 [2008]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]).

However, the motion court improperly denied plaintiffs' post-trial motion to set aside the verdict and for judgment notwithstanding the verdict. Since the jury determined that plaintiff worker fell off the ladder, it could not have reasonably concluded, in light of the evidence, that the ladder was placed and used so as to give him proper protection in the performance of his work. Other than the accident report, which the jury clearly rejected, defendants and second third-party defendant failed to present any evidence controverting plaintiffs' version of the accident, i.e., that the ladder had slipped on the plastic-covered floor. Furthermore, there was no evidence to suggest that plaintiff worker's own actions were the sole proximate cause of his injury (*see Bonanno v Port Auth. of N.Y. & N.J.*, 298 AD2d 269 [2002]). The inconsistencies between his trial testimony and his prior statements were not material to the issue of how the accident occurred, and he consistently testified that he had fallen because the ladder had slipped on the plastic (*see e.g. Ernish v City of New York*, 2 AD3d 256, 257 [2003]).

The motion court properly granted second third-party defendant's motion to dismiss that third-party action and any cross claims for indemnification against it. The trial court clearly directed that any post-trial motions, including motions regarding indemnification, be submitted to the court within 15

days of the verdict. Since defendants IBEX, Home Depot and 23rd St. failed to move within the 15 days or to assert their indemnification claims in response to plaintiffs' timely motion as required by CPLR 4406, and failed to give an adequate reason for the delay, their claims were properly dismissed at that time (*compare Tesciuba v Cataldo*, 189 AD2d 655 [1993], *lv dismissed* 82 NY2d 846 [1993], *with Brown v Two Exch. Plaza Partners*, 146 AD2d 129, 140 [1989], *affd* 76 NY2d 172 [1990]). Nevertheless, our reinstatement of plaintiff's claims against defendants is a fundamental change in those circumstances, and the concomitant reinstatement of defendants' claims and cross claims against Sage for indemnification, which arise out of those claims, is now warranted. Concur—Saxe, J.P., Nardelli, Moskowitz, Acosta and DeGrasse, JJ.

Reargument granted, and upon reargument, the decision and order of this Court entered on June 26, 2008 (52 AD3d 433 [2008]) recalled and vacated and a new decision and order substituted therefor. Leave to appeal to the Court of Appeals denied.