CHRISTOPHER HARRISON, Respondent, v MAURICE ANDRE
BAILEY et al., Appellants. [914 NYS2d 187]—

In an action to recover damages for personal injuries, the de-
fendants appeal, as limited by their brief, from so much of (1)
an order of the Supreme Court, Kings County (Partnow, J.),
dated February 10, 2009, as granted the plaintiff's motion for
summary judgment on the issue of liability, (2) an order of the
same court (Jackson, J.), dated November 10, 2009, as denied
that branch of their motion which was to vacate an order of the
same court dated August 1, 2008, precluding the defendant
Maurice Andre Bailey from testifying at trial if he failed to ap-
pear for a deposition on or before October 3, 2008, and (3) an
order of the same court (Partnow, J.), dated January 26, 2010,
as denied that branch of their motion which was for leave to
renew their opposition to the plaintiff's motion for summary
judgment on the issue of liability.

Ordered that the order dated February 10, 2009, is reversed
insofar as appealed from, on the law, without costs or disburse-
ments, and the plaintiff's motion for summary judgment on the
issue of liability is denied; and it is further,

Ordered that the order dated November 10, 2009, is affirmed
insofar as appealed from, without costs or disbursements; and it
is further,

Ordered that the appeal from the order dated January 26,
2010, is dismissed, without costs or disbursements, as academic,
in light of our determination on the appeal from the order dated
February 10, 2009.

On December 8, 2006, the plaintiff and the defendant Maurice
Andre Bailey were involved in a two-vehicle collision at the
intersection of 5th Avenue and 59th Street in Manhattan. At
the time of the collision, Bailey was employed by the defendant

Atlantic Express Coachways, Inc. (hereinafter Atlantic), and was operating a bus within the scope of his employment. On or about March 30, 2007, Bailey's employment with Atlantic ended.

The plaintiff commenced this action on February 28, 2007. Thereafter, Bailey interposed a verified answer and all parties were directed by a preliminary conference order to complete depositions by March 25, 2008. By order dated August 1, 2008, following Bailey's failure to appear for his deposition, the Supreme Court granted the plaintiff's motion to preclude Bailey from tesifying at trial if he failed to appear for deposition on or before October 3, 2008. During the summer and fall of 2008 defense counsel attempted, through an investigator and a subpoena, to contact Bailey and obtain his cooperation and attendance for a deposition. However, as Bailey later admitted, he had instructed persons that had been contacted by the investigator to discard the various papers that were to be delivered to him, based on his belief that defense counsel was "handling this matter without the need of [his] cooperation."

After the October 3, 2008, deposition deadline had passed without Bailey appearing for deposition, the plaintiff moved for summary judgment on the issue of liability. Bailey and Atlantic opposed the motion by submitting a company accident report. The plaintiff challenged the admissibility of the report on the ground that it constituted inadmissible hearsay. On February 10, 2009, the Supreme Court, inter alia, granted the plaintiff's motion for summary judgment on the issue of liability as against Bailey and Atlantic, finding that the opposition papers submitted by Bailey and Atlantic failed to raise a triable issue of fact.

The defendants moved to vacate the order dated August 1, 2008. The moving papers recounted the efforts of defense counsel to locate Bailey and Bailey's reasons for rebuffing those efforts. Moreover, the defendants submitted Bailey's affidavit containing an alleged defense to the action on the merits. In an order dated November 10, 2009, the Supreme Court denied the defendants' motion in its entirety.

The defendants then moved for leave to renew their opposition to the plaintiff's motion for summary judgment arguing, inter alia, that Bailey's affidavit addressing the merits of the action constituted new evidence. The Supreme Court denied the motion in an order dated January 26, 2010.

The defendants appeal from the orders dated February 10, 2009, November 10, 2009, and January 26, 2010.

The Supreme Court erred in granting the plaintiff's motion for summary judgment on the issue of liability. While the plaintiff established his prima facie entitlement to summary

judgment on the issue of liability (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 852 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), the defendants' proffered accident report, which contained a statement from Bailey that the plaintiff had crossed into Bailey's lane, causing the accident, raised a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Bradley v IBEX Constr., LLC*, 54 AD3d 626, 627 [2008]). Contrary to the plaintiff's contention, the accident report was admissible evidence under the business record exception to the rule against hearsay. While an unsworn accident report, by itself, does not constitute evidence in admissible form sufficient to defeat a motion for summary judgment (*see Morgan v Hachmann*, 9 AD3d 400, 401 [2004]; *Hegy v Coller*, 262 AD2d 606 [1999]), it may be admissible in evidence if it qualifies as a business record (*see Bradley v IBEX Constr., LLC*, 54 AD3d at 627; *cf. Bendik v Dybowski*, 227 AD2d 228, 229 [1996]). Here, the affidavit of Atlantic's Safety Manager established the elements required for the admissibility of the accident report as a business record pursuant to CPLR 4518 (a), namely, that the report (1) was required of Bailey as a condition of his employment, (2) was made at or about the time of the accident, and (3) was maintained by Atlantic in the regular course of its business (*see Bradley v IBEX Constr., LLC*, 54 AD3d at 627; *Galanek v New York City Tr. Auth.*, 53 AD2d 586 [1976]; *Bishin v New York Cent. R.R. Co.*, 20 AD2d 921 [1964]). Once admissible, any challenges to the report extend only to the weight it will be given (*see* CPLR 4518 [a]). Here, the order dated August 1, 2008, only precluded Bailey from "testifying at the trial of the action." Such language cannot be read as precluding Bailey from opposing a motion for summary judgment through the submission of documentary evidence. Moreover, the language of the order of preclusion does not prohibit Atlantic, as Bailey's former employer, from proffering any form of evidence at any time in the action. Indeed, the nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter within the discretion of the court (*see Jaffe v Hubbard*, 299 AD2d 395, 396 [2002]). Had the Supreme Court intended to preclude Bailey from proffering any forms of evidence, as the plaintiff maintains, it could have done so in the order dated August 1, 2008, by specifically precluding all forms of evidence or by striking Bailey's answer outright under CPLR 3126 (3).

The Supreme Court properly denied the defendants' motion to vacate the order dated August 1, 2008. Bailey's affidavit established that he wilfully and repeatedly sought to avoid appearing for a deposition by instructing other persons to discard legal papers and by not timely contacting or cooperating with his counsel (*see Abdul v Hirschfield*, 71 AD3d 707 [2010]).

The parties' remaining contentions are without merit or have been rendered academic in light of our determination. Prudenti, P.J., Dillon, Balkin and Chambers, JJ., concur.