■ MENG WAI WANG, Appellant, v DAILLY NEWS, L.P., et al., Respondents. [933 NYS2d 888]—

On October 13, 2008, at approximately 3:00 A.M., the plaintiff was operating his motor vehicle in the right lane of the Brooklyn-bound side of the Manhattan Bridge. The plaintiff alleged that a truck owned by the defendant Dailly News, L.P., and operated by the defendant Giuseppi Amato, which was traveling in the left lane of the Brooklyn-bound side of the Manhattan Bridge directly adjacent to the plaintiff's vehicle, crossed the line dividing the two lanes of traffic into the right lane, striking the plaintiff's vehicle. After issue was joined and discovery was completed, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied the motion. We affirm.

The plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by submitting admissible evidence that Amato made an unsafe lane change in violation of Vehicle and Traffic Law § 1128 (a). The burden then shifted to the defendants to raise a triable issue of fact (see Harrison v Bailey, 79 AD3d 811 [2010]).

In opposition to the plaintiff's motion, the defendants submit-

ted, inter alia, Amato's affidavit and his deposition testimony, which were sufficient to raise triable issues of fact as to whether the plaintiff was the party who made an unsafe lane change in violation of Vehicle and Traffic Law § 1128 (a) (*see Harrison v Bailey*, 79 AD3d 811 [2010]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability. Mastro, A.P.J., Florio, Lott and Cohen, JJ., concur.