Marks v Rieckhoff (2019 NY Slip Op 03584)





Marks v Rieckhoff


2019 NY Slip Op 03584


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2017-03134
 (Index No. 607652/16)

[*1]Paula Marks, et al., appellants, 
v
Daniel R. Rieckhoff, respondent, et al., defendants.


Robinson & Yablon, P.C., New York, NY (Jason Levine of counsel), for appellants.
Schondebare & Korcz, Ronkonkoma, NY (Amy B. Korcz and Christopher L. Grayson of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated March 22, 2017. The order denied the plaintiffs' renewed motion for summary judgment on the issue of liability insofar as asserted against the defendant Daniel R. Rieckhoff.
ORDERED that the order is affirmed, with costs.
This action arose from a five-vehicle automobile accident that occurred on May 13, 2016, in Nassau County. A vehicle operated by the plaintiff Mitchell Marks, in which his wife, the plaintiff Paula Marks, was a passenger, was traveling in the westbound High Occupancy Vehicle (hereinafter HOV) lane of the Long Island Expressway when it was struck on the passenger side toward the rear by a vehicle operated by the defendant Daniel R. Rieckhoff (hereinafter the defendant). The defendant's vehicle then struck the concrete divider to its left and ricocheted to the right, into other vehicles.
The plaintiffs commenced this action to recover damages for personal injuries against the defendant and others, and the plaintiffs moved for summary judgment on the issue of liability insofar as asserted against the defendant. After their motion was denied on procedural grounds, the plaintiffs renewed their motion. In the order appealed from, the Supreme Court denied the plaintiffs' renewed motion on the ground that there was a triable issue of fact as to whether the defendant was confronted with an emergency not of his own making.
A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law (see Charlery v Allied Tr. Corp., 163 AD3d 914, 915; Beres v Terranera, 153 AD3d 483, 485; Leonard v Pomarico, 137 AD3d 1085, 1086; Raza v Gunik, 129 AD3d 700; Truckenmiller v Duran, 125 AD3d 639, 639-640; Meng Wai Wang v Dailly News, L.P., 90 AD3d 624). "[T]o be entitled to summary judgment on the issue of liability, a plaintiff is no longer required to show freedom from comparative fault in establishing his or her prima facie case" (Edgerton v City of New York, 160 AD3d 809, 811; see Rodriguez v City of New York, 31 NY3d 312; Merino v Tessel, 166 AD3d 760; Kraynova v Lowy, 166 AD3d 600, 602; Poon v Nisanov, 162 AD3d 804, 807). Here, in support of their renewed motion for summary judgment on the issue of the defendant's liability, the plaintiffs demonstrated, prima facie, that the defendant was negligent in moving his vehicle from the left lane [*2]into the plaintiffs' HOV lane in violation of Vehicle and Traffic Law §§ 1110(a) and 1128 (see Meng Wai Wang v Dailly News, L.P., 90 AD3d at 624; Neryaev v Solon, 6 AD3d 510).
In opposition, the defendant submitted an affidavit which raised triable issues of fact as to whether he was faced with an emergency not of his own making when an unidentified vehicle cut in front of him and came to an abrupt stop, and whether he acted reasonably in swerving his vehicle to the left (see Wu Kai Ming v Grossman, 133 AD3d 742, 743; see generally Pyo v Tribino, 141 AD3d 639; Anjum v Bailey, 123 AD3d 852, 853).
The plaintiffs' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to deny the plaintiffs' renewed motion for summary judgment on the issue of liability insofar as asserted against the defendant.
SCHEINKMAN, P.J., BALKIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court