## Wells v Atlantic Garage LLC

2024 NY Slip Op 32406(U)

July 11, 2024

Supreme Court, New York County

Docket Number: Index No. 154918/2018

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:**   **HON. LOUIS L. NOCK** | **PART**            **38M** |
| *Justice* | |

-------------------------------------------------------------------------------X

WILLIAM WELLS,

                                          Plaintiff,

                         - v -

ATLANTIC GARAGE LLC, 30-02 ASSOCIATES LLC, and
LEEDING BUILDERS GROUP LLC,

                                          Defendants.

-------------------------------------------------------------------------------X

30-02 ASSOCIATES LLC and LEEDING BUILDERS GROUP
LLC,

                                          Third-Party Plaintiffs,

                         -against-

RESOURCE OPTIONS, INC.,

                                          Third-Party Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 154918/2018 |
| **MOTION DATE** | 05/15/2023, 05/15/2023 |
| **MOTION SEQ. NO.** | 003 004 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595192/2019

The following e-filed documents, listed by NYSCEF document numbers (Motion 003) 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 168, and 194

were read on this motion for                         SUMMARY JUDGMENT                         .

The following e-filed documents, listed by NYSCEF document numbers (Motion 004) 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 169, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 195, 196, 197, and 198

were read on this motion for                         SUMMARY JUDGMENT                         .

LOUIS L. NOCK, J.S.C.

        Plaintiff brings this action for common law negligence and violations of Labor Law §§

200, 240 (1), and 241(6), arising out of a construction accident in which plaintiff fell from an

allegedly defective ladder that collapsed under him.  Before the court are plaintiff's motion for

partial summary judgment on liability as to his claims under Labor Law §§ 240 (1) and 241 (6)

**154918/2018   WELLS, WILLIAM vs. ATLANTIC GARAGE LLC**                         **Page 1 of 10**
  **Motion No.  003 004**

1 of 10

(Mot. Seq. No. 003) against defendants/third-party plaintiffs 30-02 Associates LLC and Leeding Builders Group LLC,[1] and the motion by third-party defendant Resource Options, Inc., for summary judgment dismissing the third-party complaint (Mot. Seq. No. 004). The motions are consolidated for disposition in accordance with the following memorandum decision

**Background**

Defendant 30-02 Associates LLC ("Owner") owned the property located at 30-02 39th Avenue, Long Island City, New York (the "property"). Defendant Leeding Builders Group, LLC ("Leeding Builders") was the construction manager for the construction project at the property from which this action arises (construction management agreement, NYSCEF Doc. No. 140). Pursuant to the construction management agreement, Leeding Builders was responsible for all "labor, material, equipment, tools and services . . . required for the complete construction of the project" (*id.*, ¶ 2.1). Separately, Owner contracted with Resource Options to supply temporary technical personnel (Resource Options contract, NYSCEF Doc. No. 141). Owner was to "[p]roperly supervise, direct, control and train Assigned Employees on the work site" (*id.*, ¶ 2 [a]). Resource Options would provide the workers, comply with all human resources related federal, state, and local compliance requirements, provide worker's compensation and unemployment insurance, and pay the workers (*id.*, ¶ 1). Resource Options also agreed to maintain liability insurance (*id.*, ¶ 6 [a]) and indemnify Owner from "all claims, suits, damages, [etc.] . . . arising in whole or in part, out of or in connection with or as a result or consequence of the negligent acts, errors or omissions of [Resource Options], its employees, consultants or sub-consultants in the performance of the services under the agreement" (*id.*, Terms and Conditions, ¶ 1).[2]

---

[1] The case has been discontinued against defendant Atlantic Garage LLC (NYSCEF Doc. No. 23).
[2] This provision supplants a narrower provision contained within the body of the agreement (*id.*, ¶ 6 [b]).

**154918/2018   WELLS, WILLIAM vs. ATLANTIC GARAGE LLC**
**Motion No.  003 004**

At approximately 1:30 PM on November 21, 2017, plaintiff was working within a residential unit inside the construction site when a Leeding Builders employee gave his partner Devon White an eight foot tall A-frame ladder, which White then handed to him (plaintiff aff., NYSCEF Doc. No. 138, ¶ 6; plaintiff EBT tr, NYSCEF Doc. No. 139 at 63). The ceiling of the room plaintiff was working in was between ten and eleven feet high (plaintiff EBT tr, NYSCEF Doc. No. 139 at 48). Plaintiff opened the ladder fully, shook it, and observed that its feet were in good condition (plaintiff aff., NYSCEF Doc. No. 138, ¶ 6; plaintiff EBT tr, NYSCEF Doc. No. 139 at 66-68). He brought the ladder to the living room/kitchen area of the residential unit and placed it underneath a sprinkler head and smoke alarm so that he could fill the excess space around this fixture with caulk (plaintiff EBT tr, NYSCEF Doc. No. 139 at 70). He climbed to the second rung of the ladder and caulked the excess space, and then placed the caulking gun on the top of the ladder so that he could ascend to the next rung (plaintiff aff., NYSCEF Doc. No. 138, ¶ 7; plaintiff EBT tr, NYSCEF Doc. No. 139 at 74). While his feet were on the second and third rungs of the ladder, the two sides of the ladder separated and twisted, causing plaintiff to become entangled between the two pieces of the ladder and fall to the ground when the ladder then collapsed (plaintiff aff., NYSCEF Doc. No. 138, ¶ 8; plaintiff EBT tr, NYSCEF Doc. No. 139 at 76-79). After White assisted plaintiff to his feet, plaintiff observed that the rivet that holds the two sides of the ladder together was missing from its place (plaintiff aff., NYSCEF Doc. No. 138, ¶ 9; plaintiff EBT tr, NYSCEF Doc. No. 139 at 84-85).

The parties differ as to whether White was in the same room as plaintiff at the time of the accident (plaintiff EBT tr, NYSCEF Doc. No. 139 at 81; White aff., NYSCEF Doc. No. 180, ¶ 10). White admits that he did not observe the accident, but states that immediately prior to the accident he observed plaintiff standing on the top rung of the ladder in an unsafe manner (White

154918/2018   WELLS, WILLIAM vs. ATLANTIC GARAGE LLC
Motion No.  003 004

Page 3 of 10

[* 3]

aff., NYSCEF Doc. No. 180, ¶¶ 10-11).  He does not dispute that the ladder appeared to have collapsed beneath plaintiff, but states that he examined the ladder afterwards and did not see a missing rivet or any other defect with the ladder, stating that it was in one piece (*id.*, ¶¶ 11-12).

**Standard of Review**

Summary judgment is appropriate where there are no disputed material facts (*Andre v Pomeroy*, 35 NY2d 361, 364 [1974]).  The moving party must tender sufficient evidentiary proof to warrant judgment as a matter of law (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).  "Failure to make such prima facie showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986] [internal citations omitted]).  Once a movant has met this burden, "the burden shifts to the opposing party to submit proof in admissible form sufficient to create a question of fact requiring a trial" (*Kershaw v Hospital for Special Surgery*, 114 AD3d 75, 82 [1st Dept 2013]).  "[I]t is insufficient to merely set forth averments of factual or legal conclusions" (*Genger v Genger*, 123 AD3d 445, 447 [1st Dept 2014] [internal citation omitted]). Moreover, the reviewing court should accept the opposing party's evidence as true (*Hotopp Assocs. v Victoria's Secret Stores*, 256 AD2d 285, 286-287 [1st Dept 1998]), and give the opposing party the benefit of all reasonable inferences (*Negri v Stop & Shop*, 65 NY2d 625, 626 [1985]).  Therefore, if there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]).

**Discussion**

*Labor Law § 240 (1)*

Labor Law § 240 (1), also known as the Scaffold Law, provides, as relevant:

All contractors and owners and their agents . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall

**154918/2018   WELLS, WILLIAM vs. ATLANTIC GARAGE LLC**
**Motion No.  003 004**

**Page 4 of 10**

4 of 10

[* 4]

furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

"Labor Law § 240 (1) was designed to prevent those types of accidents in which the scaffold . . . or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]).  Importantly, Labor Law § 240 (1) "is designed to protect workers from gravity-related hazards . . . and must be liberally construed to accomplish the purpose for which it was framed" (*Valensisi v Greens at Half Hollow, LLC,* 33 AD3d 693, 695 [2d Dept 2006] [internal citations omitted]).

Not every worker who falls or is struck by a falling object at a construction site is afforded the protections of Labor Law § 240(1), and "a distinction must be made between those accidents caused by the failure to provide a safety device . . . and those caused by general hazards specific to a workplace" (*Makarius v Port Auth. of N.Y. & N. J.*, 76 AD3d 805, 807 [1st Dept 2010]).  Instead, liability "is contingent upon the existence of a hazard contemplated in section 240(1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]).  Therefore, to prevail on a section 240 (1) claim, a plaintiff must show that the statute was violated, and that this violation was a proximate cause of the plaintiff's injuries (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]).

Here, it is undisputed that plaintiff was working on an A-frame ladder that suddenly collapsed beneath him, and as such has established prima facie entitlement to summary judgment on this claim (*Rom v Eurostruct, Inc.*, 158 AD3d 570, 570-71 [1st Dept 2018]).  In opposition, defendants fail to raise a triable issue of fact. White stated that his back was to Wells when the

**154918/2018   WELLS, WILLIAM vs. ATLANTIC GARAGE LLC**
**Motion No.  003 004**

**Page 5 of 10**

5 of 10

ladder collapsed (White aff., NYSCEF Doc. No. 180, ¶ 11) and so he dd not observe the accident. Any dispute as to the specific reason the ladder collapsed or the condition of the ladder thereafter does not raise a triable issue as to the happening of the accident itself (*Bradley v Ibex Constr., LLC*, 54 AD3d 626, 627 [1st Dept 2008] [no issue of fact where the "inconsistencies . . . are not material to the issue of how the accident occurred"]). As to White's statements that plaintiff was standing on top of the ladder prior to the accident, White's observation requires the court to accept that a six foot tall man was standing on the top of an opened eight foot tall A-frame ladder beneath a ceiling that was only two or three feet higher. The court finds White's affidavit on this point to be incredible as a matter of law on the grounds that what he describes is "physically impossible" (*Joseph-Felix v Hersh*, 208 AD3d 571, 573 [2d Dept 2022]). Even were White's affidavit not incredible, "[t]here is no evidence that plaintiff was not using the ladder correctly at the time of his accident, or that such prior misuse contributed in any way to the happening of the accident" (*Perez v NYC Partnership Hous. Dev. Fund Co., Inc.*, 55 AD3d 419, 420 [1st Dept 2008]). White did not see the accident and has no knowledge as to how plaintiff was positioned on the ladder when the accident occurred.

Accordingly, so much of plaintiff's motion as seeks summary judgment as to liability on the third cause of action for violation of Labor Law § 240 (1) is granted.

*Labor Law § 241 (6)*

Labor Law § 241 (6) provides, in pertinent part, as follows:

> All contractors and owners and their agents, . . . when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements:
>
> * * *
>
> (6) All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, [and] equipped . . . as to provide reasonable and adequate

**154918/2018 WELLS, WILLIAM vs. ATLANTIC GARAGE LLC**
**Motion No. 003 004**

**Page 6 of 10**

6 of 10

[* 6]

> protection and safety to the persons employed therein or
> lawfully frequenting such places.

Labor Law § 241(6) imposes a nondelegable duty of reasonable care upon owners and contractors "'to provide reasonable and adequate protection and safety' to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 348 [1998]). Importantly, to sustain a Labor Law § 241 (6) claim, it must be shown that the defendant violated a specific, "concrete" implementing regulation of the Industrial Code, rather than a provision containing only generalized requirements for worker safety (*Ross,* 81 NY2d at 505). Such violation must be a proximate cause of the plaintiff's injuries (*Annicaro v Corporate Suites, Inc.*, 98 AD3d 542, 544 [2d Dept 2012]).

Here, plaintiff relies on 12 NYCRR 23-1.21, which provides that "[a] ladder shall not be used is any of the following conditions exist: (i) if it has a broken member or part . . . (iv) if it has any flaw or defect of material that may cause ladder failure" (12 NYCRR 23-1.21 [b] [3] [i], [iv]). Both subsections are sufficiently specific to serve as a predicate for liability under Labor Law § 241 (6) (*Hill v City of New York*, 140 AD3d 568, 571 [1st Dept 2016]). However, there are sharp disputes between the parties as to the condition of the ladder and whether it was actually missing a rivet, as set forth above. Accordingly, summary judgment on this claim is not appropriate at this time.

*Third-Party Complaint*

Defendants/third-party plaintiffs assert three claims in their third-party complaint against Resource Options: contractual indemnification, attorneys' fees, and failure to procure insurance.[3]

---

[3] To the extent defendants/third-party plaintiffs raise opposition arguments regarding claims for common law indemnification and contribution, such claims are not pleaded in the third-party complaint.

**154918/2018   WELLS, WILLIAM vs. ATLANTIC GARAGE LLC**                                         **Page 7 of 10**
  **Motion No.  003 004**

[* 7]

The controlling indemnification provision of the contract between Owner and Resource Options provides that Resource Options owes indemnification for the "negligent acts, errors or omissions of [Resource Options], its employees, consultants or sub-consultants in the performance of the services under the agreement" (Resource Options contract, NYSCEF Doc. No. 141, Terms and Conditions, ¶ 1). Here, the record does not contain any evidence on the part of Resource Options, plaintiff, or any other Resource Options employee. With respect to plaintiff specifically, the court has already found that there is no triable issue of fact as to plaintiff's alleged negligence. Even if such a fact did exist, plaintiff was not engaged in fulfilling Resource Options' obligations under the contract at the time of the accident. The contract obligates Owner to "[p]roperly supervise, direct, control and train Assigned Employees on the work site" (*id.*, ¶ 2 [a]). Accordingly, defendants/third-party plaintiffs are not entitled to contractual indemnification.

As to the failure to procure insurance, the contract requires Resource Options to carry liability insurance naming defendants/third-party plaintiffs as additional insureds, and providing $1,000,000 per occurrence for personal injury, with a $2,000,000 aggregate (*id.*, Insurance Requirements). Resource Options submits the Declarations of its policy, showing the requisite policy limits, and the additional insured endorsement (insurance policy excerpts, NYSCEF Doc. Nos. 149, 151). Defendants/third-party plaintiffs argue that Resource Options' insurer has disclaimed coverage for the accident is unavailing. As it is undisputed that the policy complies with the contractual requirements, there is no breach of contract for the failure to procure insurance simply because the insurer has disclaimed coverage (*Perez v Morse Diesel Intern., Inc.*, 10 AD3d 497, 498 [1st Dept 2004] ["The insurer's refusal to indemnify Morse Diesel under the coverage purchased by Property Resources does not alter this conclusion"]).

**154918/2018   WELLS, WILLIAM vs. ATLANTIC GARAGE LLC**
**Motion No.  003 004**

**Page 8 of 10**

8 of 10

[* 8]

Finally, the claim for attorneys' fees must also be dismissed. A party may not recover its own attorney's fees absent a contract, statute, or court rule that allows such recovery (*e.g. Ambac Assur. Corp. v Countrywide Home Loans, Inc.*, 31 NY3d 569, 584 [2018]). Defendants/third-party plaintiffs do not submit any such provision allowing them to recover attorneys' fees.

Accordingly, it is hereby

ORDERED that plaintiff's motion for partial summary judgment is granted as to liability on the third cause of action for violations of Labor Law § 240 (1) only, and otherwise denied; and it is further

ORDERED that third-party defendant Resource Options, Inc.'s motion for summary judgment dismissing the third-party complaint is granted; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of third-party defendant dismissing the third-party complaint, with costs and disbursements to said third-party defendant as taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

ORDERED that the remainder of this action is severed and shall continue; and it is further

ORDERED that this action is respectfully assigned to the Clerk of the Trial Assignment Part to be scheduled for trial.

**154918/2018   WELLS, WILLIAM vs. ATLANTIC GARAGE LLC**
**Motion No.  003 004**

**Page 9 of 10**

9 of 10

This constitutes the decision and order of the court.

ENTER:

*Louis L. Nock*

| 7/11/2024 | | | | | | LOUIS L. NOCK, J.S.C. |
|---|---|---|---|---|---|---|
| **DATE** | | | | | | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**154918/2018   WELLS, WILLIAM vs. ATLANTIC GARAGE LLC**
**Motion No.  003 004**