Weiss v 56th & Park (NY) Owner, LLC (2025 NY Slip Op 51651(U))

[*1]

Weiss v 56th & Park (NY) Owner, LLC

2025 NY Slip Op 51651(U)

Decided on October 17, 2025

Supreme Court, New York County

Kingo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 17, 2025
Supreme Court, New York County

Nicholas Weiss, JEAN WEISS, Plaintiff,

against
56th and Park (NY) Owner, LLC, NORSEL REALTIES LLC, 575 ASSOCIATES L.L.C., 
 ICON INTERIORS, INC., JTC PAINTING GROUP, INC., JTC PAINTING & DECORATING CORP., 
 DOUGLAS ELLIMAN REALTY, LLC, Defendant.

Index No. 151767/2017

Hasa A. Kingo, J.

This matter is before the court on the motion in limine of defendant JTC Painting & Decorating Corp. ("JTC"), which seeks an order precluding introduction at trial of the accident report prepared by the late Jonathan Foster ("Foster") on behalf of defendant Icon Interiors, Inc. dated September 1, 2016 (the "Report"), and barring any party from referencing, quoting, or offering into evidence the statements contained therein. Having reviewed the motion, opposition submissions, relevant deposition testimony, and applicable law, the court concludes that the Report meets the foundational and statutory requirements for admissibility under New York law. Accordingly, the motion is denied for the reasons set forth below.
BACKGROUND AND PROCEDURAL HISTORY
This action arises from an accident that occurred on August 31, 2016, at a construction site located at 575 Madison Avenue, New York, New York. Plaintiff Nicholas Weiss ("Plaintiff") allegedly slipped and fell on a patch of white paint that had been covered by cardboard, sustaining serious injuries. Emergency medical services transported him from the site to Weill Cornell Hospital, where he received treatment (see Ambulance Call Report, NYSCEF [*2]Doc No. 150).
The following day, on September 1, 2016, Foster, a field superintendent employed by Icon Interiors, Inc. ("Icon"), prepared an internal Report describing the incident. In that Report, Foster memorialized a purported statement attributed to Giuseppe DiLorenzo ("DiLorenzo"), a painter employed by JTC, who allegedly admitted to covering spilled paint with cardboard. Foster subsequently gave deposition testimony on June 25, 2019, but passed away thereafter. The parties later stipulated that Foster's deposition may be read at trial due to his unavailability, while expressly reserving the right to object to the admissibility of particular portions of the transcript and to related documents, including the Report.
JTC now seeks to preclude the Report, contending that it is hearsay, lacks the necessary foundation under CPLR § 4518, and, if admitted, would result in unfair prejudice by allowing the jury to consider unreliable, self-serving, and untested statements. Plaintiffs and certain co-defendants oppose, asserting that the Report qualifies as a business record, is presumptively authentic under CPLR § 4540-a, and contains admissible opposing-party statements under CPLR § 4549.

ARGUMENTS
JTC maintains that the Report should be excluded because it constitutes hearsay and fails to satisfy any recognized exception. JTC argues that the Report does not meet the requirements of CPLR § 4518 because it lacks certification or affidavit from a custodian of records and because Foster's deposition reflects limited recollection of its contents. It further asserts that any purported admission by a JTC employee contained in the Report represents double hearsay and cannot be admitted under CPLR § 4549. Finally, JTC contends that introduction of the Report would be unduly prejudicial.
Plaintiffs and supporting defendants counter that the Report satisfies CPLR § 4518, as it was prepared in the regular course of Icon's business by an employee charged with the duty of making such reports, and that it was created the day after the accident—well within the temporal requirement for contemporaneity. They further argue that the document is presumptively authentic under CPLR § 4540-a, having been produced by Icon in discovery, and that the statements attributed to JTC's employee constitute opposing-party admissions under CPLR § 4549. The proponent parties further contend that that the Report was prepared in the ordinary course of Icon's business pursuant to a regular policy obligating field supervisors to prepare incident reports promptly, and that Foster—who prepared and typed the Report—so testified in his deposition. They contend the deposition testimony, the production of the Report in discovery, the deemed admissions under CPLR § 3123, and the parties' stipulation to read Foster's deposition provide the foundation necessary to admit the Report under CPLR § 4518(a). In addition, they argue that the statements attributed to DiLorenzo contained within the Report are admissible as opposing-party statements under CPLR § 4549. The proponent parties also cite authority holding foreman and contractor incident reports admissible where prepared pursuant to a duty to record. Finally, Plaintiffs contend that the Report bears the indicia of reliability recognized in New York precedent and that any objections go to weight, not admissibility.

DISCUSSION
The court begins by reiterating fundamental principles governing the admissibility of business records. Under CPLR § 4518(a), a record made in the regular course of business is admissible if it was the regular practice of that business to make such a record, and if the record was made at the time of the act, transaction, occurrence, or event, or within a reasonable time thereafter, by a person with knowledge of the event or from information transmitted by such a person. The rationale for the rule rests on the presumption of reliability that attaches to routine, contemporaneous, and objective recordkeeping (People v Cratsley, 86 NY2d 81, 91 [1995]; Johnson v Lutz, 253 NY 124, 128 [1930]).
Where the proponent establishes the regular course of business and contemporaneity of the record, courts have consistently admitted such documents, even if the preparer cannot testify personally at trial (One Step Up, Ltd. v Webster Bus. Credit Corp., 87 AD3d 1, 11—13 [1st Dept 2011]). The rule does not require certification in every case; testimony or documentary evidence showing that the record was made pursuant to a regular business duty suffices (Matter of Leon RR, 48 NY2d 117, 122 [1979]).
Separately, CPLR § 4540-a provides that a document produced by a party in discovery is presumptively authentic when offered by an adverse party, a presumption that can be rebutted only by a preponderance of contrary evidence. Thus, once Icon produced the Report, its authenticity is presumed. Authenticity, however, is distinct from admissibility; yet, in the absence of any challenge to genuineness, the court may consider the Report's authenticity established.
Additionally, CPLR § 4549 permits admission of statements made by a party's agent or employee concerning matters within the scope of employment when offered against that party. Such statements are not hearsay. Where, as here, a company supervisor contemporaneously records a subordinate's statement made in the course of work, that record may be admissible as both a business record and an opposing-party admission (Brusca v El Al Israel Airlines, 75 AD2d 798 [2d Dept 1980][foreman's statements and report admissible]; see also Petrocelli v Tishman Constr. Co., 19 AD3d 145, 146 [1st Dept 2005]; Bradley v Ibex Constr., LLC, 54 AD3d 626, 627 [1st Dept 2008]). To be sure, effective December 31, 2021, CPLR § 4549 overturned New York's long-standing "speaking authority" rule, which had barred the use of most employee statements as admissions against their employers. Under the former common law, an employee's statement was admissible only if the employee had express authority to speak on the employer's behalf about the subject matter—an approach exemplified by Tyrrell v. Wal-Mart Stores Inc. (97 NY2d 650 [2001]).
The new statute aligns New York with the federal standard in Federal Rule of Evidence 801(d)(2)(D). It permits admission of an employee's statement against the employer if: (1) the statement concerns a matter within the scope of the employment relationship, and (2) it was made during the existence of that relationship. These requirements ensure that the statement bears sufficient indicia of reliability—limited to job-related matters and made while the employment relationship was ongoing—without demanding proof of "speaking authority."
I. The Report Qualifies as a Business Record Under CPLR § 4518
The court concludes that the Report meets the statutory requirements of CPLR § 4518. The uncontroverted evidence demonstrates that Icon routinely required its supervisors to prepare written incident reports whenever an on-site injury occurred. Foster testified at his deposition that as field superintendent, it was his responsibility to investigate and document such incidents promptly. The Report was made the day after the accident—clearly "at or near the time" of the event within the meaning of CPLR § 4518(a). Foster's deposition testimony further confirms that the Report records both his observations and the statements of people he interviewed at the scene. Those factual predicates — duty to prepare, regular practice, and contemporaneous preparation — satisfy CPLR § 4518(a)'s requirements. The deposition testimony providing this foundation will be read at trial pursuant to the parties' stipulation, and thus the foundational predicate will be memorialized within the trial record.[FN1]

Furthermore, the Report was created pursuant to a company-imposed duty and in furtherance of ordinary business operations rather than in anticipation of litigation. It is precisely this type of document that the business-records exception was designed to admit. In One Step Up, Ltd. v Webster Bus. Credit Corp. (87 AD3d 1, 11—12 [1st Dept 2011]), the Appellate Division, First Department, emphasized that contemporaneous, regularly prepared business records reflecting a company's routine operations possess inherent reliability. The same is true here.
In addition, Icon produced the Report in discovery. CPLR § 4540-a creates a rebuttable presumption of authenticity for material authored by a party and produced in discovery; JTC has not met its burden to rebut that presumption. Moreover, Plaintiffs' Notice to Admit — to which Icon failed to respond — is deemed admitted under CPLR § 3123, which further strengthens the foundation as to the recordkeeping facts sought. These procedural developments confirm authenticity and tend to resolve disputes that otherwise might require a custodian affidavit.
JTC's argument that the absence of a custodian affidavit renders the Report inadmissible is unavailing. The Court of Appeals has recognized that such an affidavit is not mandatory where, as here, other competent evidence—such as deposition testimony—establishes that the record was made in the ordinary course of business (People v Cratsley, 86 NY2d at 89-91; [*3]Matter of Leon RR, 48 NY2d at 122). The foundational requirements have been met through Foster's deposition testimony and Icon's production of the document in discovery.
Likewise, the case law cited by JTC, such as decisions excluding business records lacking any foundation (see e.g., Yassin v. Blackman, 188 AD3d 62, 65-67 [2d Dept 2020]), is inapposite where, as here, the record contains direct testimony from the preparer (to be read at trial), discovery production, notice-to-admit deeming, and forthcoming custodian testimony. The court acknowledges that records lacking indicia of reliability must be excluded (JPMorgan Chase Bank, N.A. v Clancy, supra), but finds the present record contains sufficient indicia to admit the Report. Similarly, arguments premised on multi-level hearsay are unavailing, as CPLR § 4518 expressly permits admission of records containing information supplied by a person with knowledge, so long as the proponent establishes that the record was made in the regular course of business (People v Cratsley, 86 NY2d 81, 91).
II. The Report Contains Admissible Opposing-Party Statements
In addition to the Report being admissible as a business record, the statements within it made by DiLorenzo are admissible under CPLR § 4549. Foster's Report memorializes a statement by JTC's employee, DiLorenzo, made within the scope of his employment and concerning work duties at the site. The statement—that he covered spilled paint with cardboard—plainly relates to JTC's performance of its subcontracted work. Such a statement, made during employment and recorded contemporaneously by another supervisor, constitutes an admission by a party-opponent and is admissible against JTC (Brusca v El Al Israel Airlines, 75 AD2d 798 [2d Dept 1980]; BL Doe 5 v Fleming, 229 AD3d 1076 [4th Dept 2024][addressing the scope of CPLR § 4549 and holding that statements by a teacher employed by the defendant school district concerning another teacher's alleged abuse were admissible under that statute]).
Foster testified that he would not have written this statement in the Report if DiLorenzo had not told him so and that he recorded statements given to him accurately. A contemporaneous recorded statement by an employee of an adverse party, made in the ordinary course of business and memorialized by a responsible supervising agent, is admissible against the employer under CPLR § 4549 (Brusca v El Al Israel Airlines, 75 AD2d 798; Petrocelli v Tishman Constr. Co., 19 AD3d at 146). The Report therefore contains matters admissible as opposing-party admissions, subject to cross-examination of the underlying declarant where available; here DiLorenzo has testified and a sworn handwritten statement exists, allowing the defense full opportunity to confront and impeach.
JTC's contention that the Report involves "double hearsay" is misplaced. CPLR § 4518 expressly provides that information transmitted by a person with knowledge may be included within a business record if made pursuant to a business duty. DiLorenzo's statement, made in the course of his employment to Foster, who was required to document such incidents, falls squarely within that rule. Both declarants acted within the scope of their employment, and the document was created in the ordinary course of business.
III. Presumption of Authenticity Under CPLR § 4540-a and Discovery Production
The Report's authenticity is not in dispute. Icon produced the document in discovery, and under CPLR § 4540-a, its authenticity is presumptively established. JTC has not offered any evidence rebutting that presumption. Here, JTC offers only speculation as to possible alteration or error. Consequently, the presumption of authenticity stands unrebutted.
IV. The Report's Probative Value Outweighs Any Claimed Prejudice
The court also finds that the probative value of the Report substantially outweighs any risk of prejudice. The document records observations and statements made in the immediate aftermath of the accident by individuals with direct knowledge of the event. It provides highly relevant evidence bearing on the mechanism and cause of Plaintiff's fall—core issues in this case. The Court of Appeals has recognized that exclusion of relevant evidence should be a measure of last resort, reserved for circumstances where prejudice substantially outweighs probative value (People v Scarola, 71 NY2d 769, 777 [1988]).
JTC's claimed prejudice is speculative. The jury will have the opportunity to evaluate the weight and credibility of the Report in light of other evidence, including deposition testimony. Cross-examination and competing proof can adequately address any concerns regarding reliability. Although Foster is now deceased, JTC had a full and fair opportunity to examine him at his deposition, thereby mitigating any claim of prejudice arising from his unavailability at trial. Moreover, Icon has indicated its intent to proffer an additional custodian of records at trial, who will be subject to examination and cross-examination by JTC regarding Icon's recordkeeping practices, the preparation of incident reports, and the authenticity of the Report itself.
In sum, JTC's asserted prejudice is more speculative than real. The rules of evidence do not insulate a party from the admission of competent, probative proof merely because it may be damaging. The Report was created in the regular course of business, subject to prior examination by JTC, and supported by a proper evidentiary foundation. Under these circumstances, the court finds JTC's prejudice concerns unavailing and misplaced, as they reflect not an evidentiary infirmity, but the natural consequence of relevant evidence that happens to be unfavorable.
V. The Stipulation and Foster's Deposition Support Admission
Finally, the parties' stipulation permitting Foster's deposition to be read at trial reinforces, rather than undermines, the admissibility of the Report. Foster's deposition provides the necessary foundation that the Report was prepared as part of his duties and accurately reflects his investigation. The stipulation obviates any concern regarding his unavailability and ensures the jury will hear the context of the Report from Foster's own words. That combination of evidence further supports admission.
Having carefully considered the totality of the circumstances, the court concludes that the Report satisfies the criteria of CPLR § 4518 as a business record, contains statements admissible under CPLR § 4549 as party admissions, and is presumptively authentic under CPLR § 4540-a. Any weaknesses in recollection or the absence of certification go to the weight of the evidence, [*4]not its admissibility. The Report will therefore be admitted at trial, subject to appropriate limiting instructions, if necessary, to ensure the jury understands its purpose.
For the reasons stated above, it is hereby
ORDERED, that the motion in limine of defendant JTC Painting & Decorating Corp. to preclude the Report prepared by Jonathan Foster on behalf of Icon Interiors, Inc., dated September 1, 2016, is DENIED in its entirety; and it is further
ORDERED that parties shall be permitted to offer the Report into evidence at trial; the court will receive Foster's deposition testimony to establish the necessary foundation for the Report's admission prior to receiving the Report into evidence; and it is further
ORDERED that Icon shall make available, at trial or in short order, a records witness (for example, Icon principal Jonathan Bennis) to testify regarding Icon's routine practice of preparing accident reports, the manner in which such reports are retained, and the contemporaneity of the Report at issue; and it is further
ORDERED, that assuming that a proper foundation is laid at trial, the Report shall be admissible as a business record under CPLR § 4518 that contains admissible opposing-party statements under CPLR § 4549; and it is further
ORDERED, that the Report shall be deemed presumptively authentic pursuant to CPLR § 4540-a, having been produced by Icon Interiors, Inc. in discovery.
This constitutes the decision and order of the court.
DATE: 10/17/2025
HASA A. KINGO, JSC

Footnotes

Footnote 1:Although Foster is deceased and cannot testify live, the parties stipulated that his deposition may be read at trial, obviating the practical prejudice JTC fears from the declarant's unavailability. In addition, Icon will call a records custodian or principal (Jonathan Bennis) to testify regarding Icon's recordkeeping practices and the routine generation of accident reports. The combination of Foster's deposition, the custodian's testimony, and the discovery production satisfies the court that sufficient foundation exists or will be established at trial (see JPMorgan Chase Bank, N.A. v Clancy, 117 AD3d 472, 473 [1st Dept 2014][absence of proper foundational proof may require exclusion]). Notably, the concern expressed in JPMorgan Chase Bank, N.A. v Clancy is not present here, as the record contains direct testimony previously elicited from the document's preparer, corroborated by corresponding documentary evidence.