Robles v 53-63 Walton LLC (2026 NY Slip Op 01473)

Robles v 53-63 Walton LLC

2026 NY Slip Op 01473

Decided on March 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 17, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Chan, Hagler, JJ. 

Index No. 24281/17|Appeal No. 6096|Case No. 2025-03016|

[*1]Lenicio Robles, Plaintiff-Appellant-Respondent,
v53-63 Walton LLC, et al., Defendant-Respondent, [And A Third-Party Action]

Ginarte Gonzalez & Winograd LLP, New York (Anthony DeStefano of counsel), for appellant-respondent.
O'Toole Scrivo, LLC, New York (David M. Chaise of counsel), for respondents-appellants.

Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered March 19, 2025, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on liability on his Labor Law § 240(1) claim and denied defendants' cross-motion for summary judgment dismissing plaintiff's Labor Law §§ 240(1) and 241(6) claims, unanimously modified, on the law, to grant plaintiff's motion for summary judgment as to liability on his Labor Law § 240(1) claim, and otherwise affirmed, without costs.
Plaintiff established prima facie entitlement to summary judgment on his Labor Law § 240(1) claim through his unrebutted testimony that he was given access only to one ladder, which he described as "loose" and lacking rubber feet; that all four feet of the ladder were on the floor; and that the ladder shifted while he used it (see Bonanno v Port Auth. of N.Y. & N.J., 298 AD2d 269, 270 [1st Dept 2002]).
Even assuming that plaintiff's placement of his foot on a railing while he worked contributed to his fall, this assumption would not lead to a conclusion that he was the sole proximate cause of his injury, as he provided a specific reason why he had to use the ladder and railing in this manner: the area where he was sanding was not conducive to an extender, the ladder was placed in the only way that allowed him to do the work he was assigned, and that he could not have placed the ladder on top of the stairs to do the work (see Noor v City of New York, 130 AD3d 536, 540-541 [1st Dept 2015]). Furthermore, given plaintiff's testimony about how the fall occurred, there is no indication that the ladder was secured or that other adequate safety devices were provided (see Bonanno, 298 AD2d at 269-270). Plaintiff was therefore entitled to summary judgment on the issue of liability, regardless of comparative fault (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290 [2003]; Lucas v City of New York, 236 AD3d 523, 524-525 [1st Dept 2003]).
In light of our determination on plaintiff's Labor Law § 240(1) claim, the parties' arguments concerning plaintiff's Labor Law § 241(6) cause of action are academic (seeMalan v FSJ Realty Group II LLC, 213 AD3d 541, 542 [1st Dept 2023]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2026