Hernandez v Bushwick Realty Holdings LLC
2026 NY Slip Op 03879
June 18, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Roberto Hernandez, Plaintiff-Respondent,
v
Bushwick Realty Holdings LLC et al., Defendants-Respondents.
Bushwick Realty Holdings LLC et al., Third-Party Plaintiffs-Respondents,
Sam Maintenance Service Inc. Doing Business as Demo Boyz, Third-Party Defendant-Respondent.
Sam Maintenance Service Inc. Doing Business as Demo Boyz, Second Third-Party Plaintiff-Respondent,
Capital Concrete NY Inc., Second Third-Party Defendant-Appellant, Dunn Co. Safety LLC et al., Second Third-Party Defendants.

Decided and Entered: June 18, 2026
Index No. 23014/18|Appeal No. 6922|Case No. 2025-03642|
Before: Kennedy, J.P., Friedman, Gesmer, Michael, Chan, JJ.

Gerber Ciano Kelly Brady LLP, Garden City (Brendan T. Fitzpatrick of counsel), for appellant.
Gorayeb & Associates, P.C., New York (Jonathan D. Moran of counsel), for Roberto Hernandez, respondent.

[*1]
Order, Supreme Court, Bronx County (Shawn T. Kelly, J.), entered on or about May 22, 2025, which, to the extent appealed from as limited by the briefs, denied the motion of second third-party defendant Capital Concrete NY Inc. for summary judgment dismissing plaintiff's Labor Law § 240(1) claim and the Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) §§ 23-1.5(c)(3), 23-1.21(b)(1), and 21-1.21(b)(3), and granted plaintiff's motion for summary judgment as to liability on his Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff alleges that he fell from a ladder while he was using it to descend to the basement of a job site. Plaintiff initially testified that he was facing the rungs of the ladder with both hands on the handrails as he descended, but later testified that he descended facing away from the ladder with only his right hand on it. According to plaintiff, when he reached the middle of the ladder, it "rapidly" moved to the right, causing him to fall.
Plaintiff made a prima facie showing of entitlement to summary judgment on his Labor Law § 240(1) claim through his deposition testimony that he fell from the ladder when it suddenly moved (see Rom v Eurostruct, Inc., 158 AD3d 570, 571 [1st Dept 2018]). Although plaintiff testified that the ladder was "secured at both the top and the bottom," and that he did not know whether the ladder detached from those secured points, this testimony does not raise an issue of fact, as plaintiff is not required to demonstrate that the ladder was defective (see Pinzon v Royal Charter Props., Inc., 211 AD3d 442, 443 [1st Dept 2022]).
Capital Concrete's opposition failed to raise a triable issue of fact or demonstrate that plaintiff was the sole proximate cause of the accident. Even if plaintiff descended the ladder while facing away from the rungs with only one hand on the railing, any alleged misuse of the ladder constitutes at most comparative negligence, which is not a defense to a Labor Law § 240(1) claim (see Hoxhaj v West 30th HL LLC, 195 AD3d 503, 504 [1st Dept 2021]). Furthermore, although plaintiff gave contradictory testimony about how he descended the ladder, the contradictions are immaterial to a determination of liability under Labor Law § 240(1) given that plaintiff consistently testified that he fell because the ladder moved (see Bradley v IBEX Constr., LLC, 54 AD3d 626, 627 [1st Dept 2008]). Thus, defendants are liable under either version of the accident (see Ellerbe v Port Auth. of N.Y. & N.J., 91 AD3d 441, 442 [1st Dept 2012]).
[*2]
Capital Concrete's expert opinion that the ladder was secured and could not have moved is speculative because the expert did not conduct any physical inspection of the ladder (see Rivera v 712 Fifth Ave. Owner LP, 229 AD3d 401, 402-403 [1st Dept 2024]). Further, while the expert also opined that plaintiff could have used an available staircase to access the basement, there is no evidence that plaintiff was instructed to use the staircase or that he was expected to do so (see Garces v Windsor Plaza, LLC, 189 AD3d 539, 539 [1st Dept 2020]).
Capital Concrete's arguments concerning plaintiff's Labor Law § 241(6) claim are academic in light of our finding that plaintiff was properly granted summary judgment as to liability on his Labor Law § 240(1) claim (see Fanning v Rockefeller Univ., 106 AD3d 484, 485 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2026